ULTIMA THULE, ARKADELPHIA & MISSISSIPPI RAILROAD COMPANY *v.* BENTON.

Opinion delivered May 18, 1908.

1. NEGLIGENCE—PROXIMATE CAUSE.—In order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. (Page 291.)

2. SAME—WHEN QUESTION FOR COURT.—While the question of proximate cause is ordinarily one of fact for the jury, yet where the facts are undisputed, and not such as reasonable men would draw different conclusions from, then it is a question for the court. (Page 291.)

3. MASTER AND SERVANT—ACCIDENTAL INJURY.—Where an employee of a railroad company, while riding upon a flat car, was injured by the rebound of a stick of wood thrown by a fellow servant, such injury

was accidental, and not one of the consequences that ought to have been foreseen in the light of the attending circumstances in permitting employees to throw wood from the train. (Page 291.)

Appeal from Dallas Circuit Court; *Henry W. Wells,* Judge; reversed.

*Paul G. Matlock* and *Hardage & Wilson,* for appellant.

1. The act of negligence charged was not the proximate cause of the injury, and there can be no recovery. 76 Ark. 436.

2. Cooper and Crouch were fellow sercants. Besides, the deceased assumed the risk. 58 Ark. 125; 41 *Id.* 542; 41 *Id.* 382.

3. Deceased was guilty of contributory negligence. Negligence is a question of law and fact. 41 Ark. 542; 76 *Id.* 520.

4. He was not· a passenger. 83 Ark. 22; 78 *Id.* 505; 76 *Id.* 106; 65 *Id.* 65.

*R. C. Fuller* and *Thornton & Thornton,* for appellee.

1. Deceased was a passenger. "The weight of authority and sound policy, we think, is that when a servant performs all of his work at a fixed place, and the master, either by custom or as a gratuity, carries him to and from his work, the servant doing no service for the master on the train, he is to be treated as a passenger." 58 S. W. Rep. p. 863; 59 Pa. St. p. 246; 7 Ind. 436; 166 Mass. 492; 38 Atl. 524; 63 Md. 433; 43 C. C. A. 19; 177 Mass. 365; 182 Pa. 479; 105 Tenn. 460; 108 Ky. 392; 32 Mo. App. 61; 5 Ind. 339; 19 Rep. 494; Hutchinson on Carriers, § 564; 33 Md. 542; 8 Kans. 505; 6 E. Ry. & Can. Cases; 5 Duer, 39; Whittaker's Smith on Negligence, p. 312.

2. The verdict is amply sustained by the evidence.

HILL, C. J. The undisputed facts are as follows: Crouch was an employee of the railroad, being the foreman of a ·tracklaying crew, working seventeen miles from Dalark. The railroad company carried the construction crews to and from their work on its trains. It used flat cars upon which there were no. seats, and the employees were accustomed to sit on the sides, with their feet hanging over. The employees frequently carried wood on the train, and threw it off as they approached their respective residences.

Crouch was riding on. the train, with his legs dangling off the side of a flat car, when one of the employees threw some

wood off the car, and one stick rebounded and struck him on the leg, causing serious injury, and probably his death. His administrator sought to recover, and did so, in the lower court, upon the theory that he was a passenger, and that the company must protect him as such, and that it was negligent in its duties to its passengers on this flat car in permitting other employees to throw off sticks of wood.

If all of the appellee's contentions be conceded, still he is not entitled to recover. "It is generally held that, in order to warrant a finding that negligence * * * is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." *Milwaukee, etc., Ry. Co.* v. *Kellogg,* 94 U. S. 469; *Scheffer* v. *Railroad Company,* 105 U. S. 249; *St. Louis, I. M. & S. Ry. Co.* v. *Bragg,* 69 Ark. 402. See also *Railway Company* v. *Fire Association,* 55 Ark. 163.

The question of proximate cause is ordinarily one of fact for the jury. But where the facts are undisputed, and not such as reasonable men would likely draw different conclusions from, then it is a question for the court; and such is this case.

The rebound of a stick of wood thrown from a flat car in such a way as to strike the legs of a man sitting upon the car is an accident, pure and simple, and not one of the consequences that "ought to have been foreseen in the light of the attending circumstances" in permitting employees to occasionally throw wood from the train.

The judgment is reversed and dismissed.