MURCH BROTHERS CONSTRUCTION COMPANY *v.* HAYS.

Opinion delivered November 23, 1908.

1. MASTER AND SERVANT—NEGLIGENCE—INSTRUCTION.—Where an employee, a carpenter, was killed in a fall due to the breaking of a plank in a temporary platform, and there was evidence tending to prove that deceased had the exclusive supervision of the laying of the platform, it was error to instruct the jury that the employer was liable if deceased's fall was caused by a defective plank in the platform, as the employer was not liable if deceased was responsible for the use of defective material. (Page 296.)

2. SAME—DUTY TO FURNISH SAFE PLACE.—Where, in erecting a building, it becomes necessary to construct scaffolds and platforms upon which his employees may work, the master owes to them the duty to exercise such care and diligence in so doing as an ordinarily prudent man would exercise under like circumstances. (Page 296.)

3. SAME—DUTY OF EMPLOYEES TO INSPECT MATERIALS.—An instruction that it was the duty of the employer, when furnishing materials to build platforms, to use reasonable and ordinary care to inspect said materials was erroneous in permitting the jury to infer that there was no duty of the employees to inspect the materials after they were furnished. (Page 297.)

Appeal from Pulaski Circuit Court, Second Division; *Edward W. Winfield,* Judge; reversed.

*Ashley Cockrill,* for appellant.

1. The rule requiring the master to furnish a safe place in which to work is not applicable where the insecurity com-

plained of occurred in the progress of the work. 76 Ark. 69; 65 Fed. 48; 67 Fed. 507; 111 U. S. 313, 318; 58 Fed. 525; 12 C. C. A. 507. That rule is also not applicable in this case because the deceased was charged with the duty of preparing the place to work and of keeping it safe. 26 Cyc. 1183; *Id.* 113,

2. The first instruction is wrong. It assumes as a fact that appellant supplied its employees materials with which to build a platform, a matter which ought to have been submitted to the jury; and it is further erroneous in placing upon appellant the absolute duty to find out whether the platform was sound and suitable for use.

*Malloy & Danaher,* for appellee.

1. The evidence clearly shows that deceased had nothing to do with the making, placing or selecting the platform, or any part of the work on that floor prior to the accident. There is no evidence that any changes were being made in the platform by deceased, or that the accident was caused by reason of the progress of the work or changes being made thereby. Authorities cited by appellant are not applicable. Whether or not it was the duty of deceased to prepare the place in which to work and to keep it safe, the master in this case, having assumed that duty and furnished a place to work and walk upon, will be held liable, if it did so in such a careless and negligent manner as to result in the injury complained of. 26 Cyc. 113, 1183, 1205, cases cited in notes; 20 Am. & Eng. Enc. of L. 81; 63 N. Y. Supp. 357; 102 Ga. 64; 182 Mass. 368; 39 La. Ann. 1011; 85 Minn. 142; 25 So. 903; 84 N. W. 321; 89 S. W. 1091; 57 Texas, 491; 159 Pa. 403; 73 N. E. 853.

2. It is not error to state as a fact, in an instruction to the jury, a matter about which there is no dispute in the evidence. However, the first instruction, taken in connection with others given, does not assume that appellant supplied employees with materials to build a platform. Moreover there was no specific objection to it. 76 Ark. 377; 52 Ark. 180; 65 Ark. 54; 87 Ark. 396.

BATTLE, J. This action was brought by Nellie Hays, as administratrix of John H. Hays, deceased, against Murch

Brothers Construction Company. Plaintiff states her cause of action in her complaint as follows:

That "the defendant, on the 29th day of June, 1907, and prior thereto, was engaged as contractor in the erection of a certain building in the city of Little Rock, Arkansas, known as the Iron Mountain Railway Station, and as such contractor had full and exclusive charge, management and control of said building and the work thereon. That on the 29th day of June, 1907, plaintiff's intestate, John H. Hays, was employed by defendant as carpenter in and about the erection of said building, and it was the duty of the defendant to provide him with a good, safe and secure place for plaintiff's said intestate to perform his work and with good, safe and secure joists, planks, beams, scaffolds and platforms where plaintiff's intestate was directed and sent to work upon. That prior to the 29th day of June, 1907, defendant erected and caused to be erected joists and beams upon which were placed planks for the purpose of enabling plaintiff's intestate and workmen to stand and work while engaged in their employment." * * * That it "erected or caused to be erected said place to work with beams, joists, planks, platforms . and scaffold, loose, unfastened, in a dangerous and unsafe and improper manner, rendering said place of work and appliances unfit for the purpose for which they were to be put. That on the 29th day of June, 1907, plaintiff's intestate was directed to go upon said joists, planks, beams, and went upon same in the performance of his duties at defendant's order, and while engaged in his work said joists, beams and planks, by reason of their defective condition and improper construction and fastening, gave way, and plaintiff's intestate was thereby precipitated a great distance below, and received from the fall severe injuries, which resulted in his death a few minutes later."

Defendant answered and denied each and every material allegation in the complaint.

The facts of the case are, in part, as follows: The defendant was engaged in the construction of a railroad depot at Little Rock. John H. Hays was a carpenter, and was employed in that capacity by it to assist in building the depot, and was foreman of the carpenters engaged in the same work, with power and control over them. Defendant had reached the construction

of the third floor of the building when Hays fell from that floor and was killed.

Evidence was adduced in the trial by the plaintiff tending to prove that Heinze, the defendant's superintendent, caused a platform or temporary floor to be laid in the third story of the depot to be used as a place for standing and walking by those engaged in the construction of that building; that, in the laying of the platform or floor, a plank with a large knot in it was used and was insufficiently supported. Hays stepped on it, broke it at the knot, and fell to the ground, and was fatally injured. On the other hand, evidence was adduced tending to prove that Heinze had nothing to do with the laying of the temporary floor, and that Hays had the exclusive supervising of it, and was not standing on a plank at the time he fell, but was standing with his feet on the wall, and was thrown from that place in an effort to lift a heavy joist.

The court instructed the jury, over the objections of the defendant, as follows:

"1. It was the duty of the defendant, when supplying its employees materials with which to build the platform which the plaintiff complains of as defective, to use reasonable and ordinary care to inspect said materials, and find out, before using it, whether it was sound and suitable for the use to which it was to be put. If you believe from the evidence that the defendant neglected this duty and, in consequence of such neglect, placed, for use as a platform, an unsound plank, not strong enough to sustain a man's weight, and that the plaintiff's intestate was ignorant of the unsoundness of said plank, and stepped upon it, while in the proper discharge of his duties as an employee of the defendant, and in the exercise of due care, and was thrown to the ground and injured thereby; and if you further believe from the evidence that plaintiff's intestate could not, before stepping upon it, by the use of ordinary care, detect the unsoundness of said plank as it lay where the defendant had placed it, but that the same could have been discovered by the defendant, by the use of ordinary care, before placing it where it lay, then the defendant is liable for the injuries so inflicted on the deceased, and your verdict should be for the plaintiff, provided that said defect was the proximate cause of the injury."

Other instructions were given. The jury returned a verdict for $1,500 for the administratrix and $6,000 for the widow and next of kin. Plaintiff entered a remittitur of the $1,500; and judgment was entered for the $6,000. Defendant appealed.

The foregoing instruction, which was given over objection of the defendant, is erroneous, because it virtually told the jury that the defendant was liable for the injury of Hays if his fall was caused by a defective plank in the temporary floor breaking while he was standing or walking upon it, regardless of the evidence that tended to prove that Hays had the exclusive supervision of the laying of the temporary floor and was himself responsible for the defective material used. The court, in effect, told the jury in this instruction to return their verdict as if Hays was not in any way responsible for the construction of the temporary floor or platform. The instruction was at least misleading, and should not have been given.

Appellant insists that it was not its duty to furnish the appellee a safe place in which to work, and cites *Grayson-McLeod Lumber Company* v. *Carter*, 76 Ark. 69, to support its contention. In that case "appellee was engaged in tearing down a bridge, and in continually changing his place of work, and sometimes in making it more insecure." "His employment made it his duty to tear down and to change and destroy his places for work, and to make them safe and unsafe as his work rendered them; and was such as to place it out of the power of his employer to perform such duty." In this case appellant was erecting a building, and as his work progressed scaffolding and platforms upon which to work became necessary to enable his employees to do their work. Finding it necessary and practicable, it was its duty to exercise such care and diligence in so doing as an ordinarily prudent man would exercise under like circumstances. *Little Rock & Fort Smith Railway Co.* v. *Eubanks*, 48 Ark. 460; *St. Louis, Iron Mountain & Southern Railway Co.* v. *Rice*, 51 Ark. 467; *Park Hotel Company* v. *Lockhart*, 59 Ark. 465.

Reversed and remanded for a new trial.

ON REHEARING.

Opinion delivered December 21, 1908.

BATTLE, J. Appellee has filed a motion for a rehearing, insisting that this court erred in reversing the judgment in this action for a defect in an instruction which was cured by another instruction, numbered seven, which is as follows:

"Even though you find from the testimony that deceased fell by reason of the insecurity of the plank or board upon which he stepped or was standing, still if you believe that deceased was the foreman of defendant in charge and control of the carpenters and their helpers at work on said building, and that defendant delegated to him the duty of overseeing and directing the details of said work and of choosing and following his own manner and method of laying the joists and planks, and that defendant delegated to him as foreman the duty of keeping the place in which he and his fellow workmen were to work in a safe condition, and you further find that the work was done by the carpenters and helpers so working under his direction and control, and that the insecure condition, was thus created by said carpenters thus working under him, then you are instructed that plaintiff can not recover for any injury to deceased occasioned by such insecurity of the place or other defect."

Instruction numbered one, copied in the opinion of the court, was held by us to be misleading. In that instruction the trial court told the jury that "it was the duty of the defendant, when (at the time of) supplying its employees materials with which to build the platform which the plaintiff complains of as defective, to use reasonable and ordinary care to inspect said materials and find out, before using it, whether it was sound and suitable for the use to which it was to be put." From this language it could have been reasonably inferred by the jury that there was no duty of the employees to inspect the materials after they were furnished, as that had already been done. The court further told the jury: "If you believe from the evidence that the defendant neglected this duty (inspection), and in consequence of such neglect placed for use as a platform an unsound plank, not strong enough to sustain a man's weight, and that the plaintiff's intestate was ignorant of the unsoundness of said plank, and

stepped upon it, while in the proper discharge of his duties as an employee of the defendant, and in the exercise of due care, and was thrown to the ground and injured thereby; and if you further believe from the evidence that plaintiff's intestate could not, before stepping upon it, by the use of ordinary care, detect the unsoundness of said plank as it lay where the defendant had placed it, but that the same could have been discovered by the defendant, by the use of ordinary care, before placing it where it lay, then the defendant is liable for the injuries so inflicted on the deceased, and your verdict should be for the plaintiff, provided 'that said defect was the proximate cause of the injury.' " The court did not tell the jury in this instruction that it was the duty of any employee to inspect the materials after they were supplied, but left it to be inferred in the manner stated that there was no such duty, and consequently that no wrong was done by the employee using the defective plank without inspecting it, but that appellant was responsible for injuries caused by the defective plank if it failed to properly inspect it at the time it was supplied. The jury could have reasonably inferred from this instruction that if appellee's intestate was injured in consequence of the neglect of appellant to inspect materials when supplying them, the appellant was liable for damages. In addition to the defects mentioned, it is further defective for the reasons stated in the opinion of this court.

Appellee insists that these defects were cured by instruction numbered seven. But this is not true. In instruction seven the court told the jury that appellee could not recover upon a state of facts which did not include or mention a fact which, if true, according to a construction the jury might have placed upon instruction one, as indicated, rendered appellant liable, that is the failure to use proper diligence in inspecting the materials when it was supplying them. In the way indicated instruction one was defective and misleading, as held by this court in the opinion delivered, and, the evidence sustaining the verdict being very weak and unsatisfactory, was prejudicial.

Motion denied.