WOODSON *v*. PRESCOTT & NORTHWESTERN RAILWAY COMPANY.

Opinion delivered July 12, 1909.

1. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.—Where two courses of conduct were open to a servant in the face of imminent danger, caused by another's negligence, and upon the spur of the moment

he chose the more dangerous. one, and was injured, he cannot be held as matter of law to have been negligent in such choice, although by choosing the other course he might have escaped injury; whether he was negligent in such case being a question for the jury to determine in the light of all of the surrounding circumstances. (Page 391.)

2.  SAME—CONTRIBUTORY NEGLIGENCE.—An instruction that if plaintiff, who was a locomotive fireman, knew that his engine was derailed and that he could escape by jumping, but thought the engine would stop, and decided to remain on it and take the risk, he could not recover was erroneous as in effect charging that plaintiff was negligent as matter of law in not leaping from the engine. (Page 392.)

3.  SAME—DUTY OF MASTER TO FURNISH SAFE PLACE AND APPLIANCES.—It is the duty of the master to exercise ordinary care to provide his servants with a reasonably safe place in which to work and reasonably safe appliances with which to work, and this duty includes the duty to make reasonable inspection to see that the place and appliances are safe. (Page 393.)

4.  SAME—INJURIES TO SERVANT—PRESUMPTION OF NEGLIGENCE.—Negligence on part of the master in failing to provide a safe place to work cannot be inferred merely from the happening of an injury to a servant, but must be proved by the servant, and the burden of establishing it is on the servant. (Page 393.)

5.  SAME—NEGLIGENCE IN FAILING TO MAKE INSPECTION.—Upon proof that plaintiff was injured by reason of a defective appliance while in defendant's service, and that this defect was discoverable by reasonable inspection, it became a question for the jury whether the defendant was guilty of negligence in failing to inspect and discover such defect. (Page 394.)

Appeal from Nevada Circuit Court; *Jacob M. Carter*, Judge; reversed.

· *J. O. A. Bush* and *Murphy, Coleman & Lewis*, for appellant.

1.  The first instruction asked by plaintiff should have been given.  67 Ark. 306; 82 *Id.* 372; 83 *Id.* 318; 157 U. S. 72; Bailey on Master and Servant, p. 101.

2.  The third and fourth instructions given for defendant were erroneous.  77 Ark. 9.

3.  The tenth instruction was clearly erroneous.

*McRae & Tompkins, Hamby & Haynie*, and *D. L. McRae*, for appellee.

1.  The modification of the first instruction given for plaintiff was proper.

2.  The burden was on plaintiff to show injury by reason of the alleged defects. These defects were known to the company, or could have been known by the exercise of reasonable diligence, and there was no presumption that the alleged defects caused the injury.  46 Ark. 570; 67 *Id.* 305; 87 *Id.* 217; 81 *Id.* 277; 79 *Id.* 76; 179 U. S. 663.

3.  Under the evidence the tenth instruction was proper. The question whether or not he assumed the risk should have been submitted to the jury.

Frauenthal, J.   The plaintiff, Edgar Woodson, was in the employ of the defendant, the Prescott & Northwestern Railway Company, as a fireman on one of its engines; and while in that employment he claims that he sustained personal injuries through the negligence of the defendant; and he brought this suit against defendant to recover damages for those injuries. The defendant in its answer denied all allegations of the complaint, and alleged that any injury the plaintiff sustained was caused by his own negligence.

The evidence tended to prove the following facts: The plaintiff had been in the employ of the defendant for about a month as a fireman on one of its engines, and was acting in that capacity at the time of the injury complained of. On November 6, 1907, the train was running in the direction of Prescott, and when it came to a certain switch, known as Arcadia Switch, the engine left the track, and continued some forty or fifty yards, and turned over. The plaintiff at the time was engaged in his duty as fireman in shoveling coal. He was caught by the engine as it turned over, and was severely injured. The blind drive wheels of this engine had become so worn that grooves had been made in them, so that these wheels had flanges on each side. These blind drive wheels were made without any flanges, and all other wheels on the engine had flanges only on the inside of the wheels. From the marks that were made on the ties it appeared that these blind drive wheels, with their flanges on the outside, struck the stop rail at the point where the switch joins the main track, and caused the engine to be derailed. The evidence tended to prove that these grooves had worn into the blind drive wheels to a depth of one-half inch, and that the derailment of the engine was caused by this defect in these wheels. The train was

going at the rate of about ten miles an hour when it left the track, and the plaintiff did not attempt to jump from the engine.

The plaintiff requested the court to give the following instruction to the jury: "1. A railroad company owes to its employees, engaged in the running of its trains, the duty of using reasonable and ordinary care to furnish and keep in safe repair safe and suitable engines and other appliances for the carrying on of such operation, and to inspect or cause to be inspected such engines and appliances at all reasonable and necessary times, with the view to keeping the engines in such reasonably safe condition; and if it does not do so, but negligently permits any wheel. or wheels of its engines to become so worn as to render the running or operation of such engine dangerous, and by reason thereof its employee is injured, it is liable to him in damages."

The court refused to give the instruction as asked, but modified it by striking therefrom the following: "And to inspect or cause to be inspected such engines and appliances at all reasonable and neecssary times with the view to keeping the engines in such reasonably safe condition."

Among other instructions it gave at the request of the defendant the following: "10. You are further told that if, after the plaintiff knew the engine was derailed, he knew he could have escaped in safety, but thought the engine would stop, and, with full knowledge of the facts, decided to remain on the engine and take the risk, instead of trying to escape, he can not recover."

The jury returned a verdict in favor of the defendant; and from the judgment entered thereon the plaintiff prosecutes this appeal.

It is claimed by the defendant that the plaintiff was guilty of contributory negligence by remaining on the engine and by not jumping therefrom. The question presented by the above instruction number 10, given at the request of the defendant, is whether as a matter of law under the circumstances of the case the plaintiff was guilty of contributory negligence by remaining on the engine. The evidence tended to prove that the derailment of this engine was caused by defective drive wheels. These wheels had been in use so long that grooves had worn into the wheels to a depth of one-half an inch, so that it made flanges on each side of the wheels, and this caused the engine to leave the

track. It was not the duty of the plaintiff to inspect the appliances that were furnished him. He had a right to rely on the assumption that the defendant had exercised due and ordinary care in furnishing him a reasonably safe engine in which to work. There is no evidence to show that the engine left the track through any fault or negligence of the plaintiff. A perilous emergency was thus presented. It is well established that when one is required to act suddenly and in the face of an imminent danger he can not be held to be guilty of contributory negligence because he failed to exercise the best judgment or did not take the safest course. Especially is this true when the peril has been caused by the fault of another. In the case of *Jones* v. *Bryce,* 1 Stark. 493, Lord Ellenborough said: "If I place a man in such a situation that he must adopt a perilous alternative, I am responsible for the consequences." It is true that it is the duty of the employee to exercise ordinary care to avoid injury and to take reasonable precaution not to expose himself to extraordinary danger. 3 Elliott on Railroads, § 1314. But where, in the face of imminent peril, the employee is obliged to act on the spur of the moment, he can not be necessarily charged with negligence if he ·does not do the right thing. The question is then for the jury to determine whether under all the circumstances he acted as any ordinarily prudent and careful person would have done under similar circumstances. 1 White on Personal Injuries on Railroads, § 422.

As is said in case of *St. Louis, I. M. & S. Ry. Co.* v. *Stamps,* 84 Ark. 241: "Where there are two courses left open to a person in the face of imminent danger, and he chooses on the spur of the moment the one which is really the more dangerous, he can not be held as a matter of law to be negligent in his choice, although by choosing the other course he might have escaped." *Choctaw, O. & G. Rd. Co.* v. *Thompson,* 82 Ark. 11; *Kansas City S. Ry. Co.* v. *Henrie,* 87 Ark. 443.

It then becomes a question for the jury to determine whether he is guilty of negligence, and his conduct must be tried in the light of all the surrounding circumstances of the case.

Now, by this instruction the court in effect told the jury that the defendant was in this impending danger guilty of negligence as a matter of law if he knew he could have escaped in

safety, but thought the engine would stop and therefore decided to remain on the engine. The plaintiff might have thought that he would be safe in remaining on the engine. The presumption is, from the natural desire to preserve life, that he did think that. And yet if, with these two courses before him, he in good faith believed he would be safe by remaining on the engine, under this instruction he would still be guilty of negligence by thus remaining on the engine. This in effect would make the employee the insurer of his own safety.

In effect, the court by this instruction told the jury that as a matter of law the plaintiff was guilty of negligence in not leaping from the engine. Under the circumstances of this case, that was error.

It is urged by the plaintiff that the court erred in modifying the above instruction number one asked for by the plaintiff. The modification eliminated from the instruction the duty on the part of the defendant to inspect its engines. But this was to a great extent covered by instruction number two given on the part of the plaintiff, and for that reason we do not think that this cause should be reversed solely on the refusal to give the instruction number one as asked by plaintiff. But, inasmuch as there must be a new trial of this cause, we deem it but proper to say that the plaintiff is entitled to a suitable instruction presenting the duty of defendant to inspect its engines at such reasonable times and in such reasonable manner as an ordinarily prudent and careful person would do under like circumstances. "It is the duty of the master to exercise ordinary care to provide his servants with a reasonably safe place in which to work and reasonably safe appliances with which to work. This duty also includes one of making reasonable inspection to see that the place and appliances are safe." 1 Labatt on Master and Servant, § 7; 26 Cyc. 1182, 1177; *St. Louis, I. M. & S. Ry. Co.* v. *Rice,* 51 Ark. 467; *St. Louis, I. M. & S. Ry. Co.* v. *Gaines,* 46 Ark. 555; *St. Louis, I. M. & S. Ry. Co.* v. *Brown,* 67 Ark. 304; *Bryant Lumber Co.* v. *Stastney,* 87 Ark. 321; *Ozan Lumber Co.* v. *Bryan,* 90 Ark. 223.

It is true that the presumption is that the master has done his duty in furnishing safe and suitable appliances; and, even if they are defective, it is further presumed that the master had no notice of the defect, and was not negligently ignorant of it. But

these presumptions can be overcome by proof.  Negligence of the master can not be inferred merely from the happening of the accident.  That must be proved, and the burden of establishing it is on the plaintiff.  But this can be shown by evidence that there was a defect in the appliance which caused the injury, and that this defect was discoverable if it had been reasonably inspected. It would then become a question for the jury to determine whether the defendant was guilty of negligence in failing to inspect and discover such defect.  *St. Louis, & S. F. Rd. Co.* v. *Wells,* 82 Ark. 372; *Kansas City S. Ry. Co.* v. *Henrie,* 87 Ark. 443; 1 Labatt on Master and Servant, § § 155-157; *Bailey* v. *Rome, W. & O. R. Co.,* 139 N. Y. 302.

For the error in giving said instruction number ten on the behalf of the defendant the judgment is reversed, and the cause is remanded for a new trial.