WISCONSIN & ARKANSAS LUMBER COMPANY *v.* BROWN.

## Opinion delivered March 22, 1920.

MASTER AND SERVANT—NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE—
JURY QUESTIONS.—In an action for injuries to a sawmill em-
ployee who was struck by a prize pole which his foreman, after
directing him to get out of the way, had left in a mass of mov-
ing logs, the questions of negligence and contributory negligence
were for the jury, under the evidence.

Appeal from Hot Spring Circuit Court; *W. H. Ev-
ans,* Judge; affirmed.

*W. R. Donham* and *T. D. Wynne,* for appellant.

The court erred in not directing a verdict for de-
fendant. The law applicable to the facts warrants a re-
versal, (1) because there is no evidence to show that
plaintiff's fellow employee was guilty of any negligence
whatever contributing to the injury; (2) the testimony
shows conclusively that the injury was the result of an
accident which could not reasonably be anticipated by a
fellow employee or anyone else, and (3) plaintiff was an
experienced employee and knew and appreciated the
danger and assumed the risk. 118 Ark. 304; 95 *Id.* 562;
86 *Id.* 289; 91 *Id.* 260; 92 *Id.* 138; 119 *Id.* 477; 26 S. E.
23; 25 N. E. 1071.

*D. D. Glover,* for appellee.

1. The testimony shows negligence on the part of
appellant's foreman, Pool, and appellee did not assume
the risk as the jury found. 87 Ark. 400; 90 *Id.* 223; 94 *Id.*
246-252; 90 *Id.* 326; 95 *Id.* 294; 121 *Id.* 436; 133 *Id.* 212.

2. There is no error in the instructions—they de-
clare the law. The foreman's negligence caused the in-
jury.

HART, J. The Wisconsin & Arkansas Lumber Com-
pany prosecutes this appeal from a judgment rendered
against it in favor of J. W. Brown for physical injuries
received by him while in the employment of the company.

The only assignment of error relied upon for a reversal of the judgment is, that the court erred in not directing a verdict for the defendant. At the time he was injured, Brown was engaged with three other servants of the company in rolling logs from a log deck or skidway onto a lumber buggy. A prize pole which was inserted between two logs was hurled through the air with great velocity by the mass of moving logs and struck the appellee breaking his leg below the knee.

The appellee, Brown, and S. R. Golding both testified as to the incidents leading up to the injury and the manner in which it occurred. According to their testimony they with two others, one of whom was their foreman, were engaged in rolling logs from the skidway onto a lumber buggy at the time Brown sustained his injuries. Square timbers four by six and four by twelve, sixteen or eighteen feet long, were being cut by the sawmill and carried along live rollers to the deck or skidway. When they dropped from the live rollers to the skidway, the logs would sometimes fall straight and sometimes crooked. The timber deck or skidway was very steep at the top and nearly level at the bottom. It has a block at the bottom to keep the logs from rolling off the skidway. The entire length of the skidway was something like one hundred feet long. It is about eighteen or twenty feet from the top of the skidway to the bottom of it. There were six or eight feet between the sections of the skidway. On the day in question the top layer of square timbers had been rolled onto the lumber wagon from the section of the skidway in which the appellee and three others were working. In beginning on the bottom layer it was found that the second piece of timber was wedged in so tightly that the crew could not move it with their hands. The foreman who directed the work and the appellee took hold of a prize pole to pry loose the square piece of timber which was three by twelve and about sixteen feet long. The prize pole was a piece of oak timber about four by six and

between six and eight feet long. The foreman and the appellee both had hold of the prize pole, the appellee being behind his foreman. The foreman directed the appellee to get out, and get back out of the way. The appellee did so and left it in the hands of the foreman. He got in behind the deck in the space between the two sections. After he turned and got behind the deck in the open space between the two sections he heard a noise as of a mass of logs tumbling down. He turned around and was struck by the prize pole which had been hurled violently by the mass of rolling logs. The prize pole struck the appellee below the knee and broke both bones of his leg. They were accustomed to use prize poles to pry loose logs which became wedged together, but it was always the custom to take the prize pole with them when the crew got the logs to moving and get out of the way of them. The appellee and his fellow servants were engaged in rolling the logs from the timber deck to the lumber buggy at the time appellee was injured. This being his regular work, counsel for the defendant invoked the rule that a servant assumes all obvious risks of the work in which he is employed, including the risk of injury from the manner in which he knowingly sees and observes that the business is being operated and the work done. *K. C. So. Ry. Co.* v. *Livesay,* 118 Ark. 304. They rely on the cases of *Ultima Thule, Arkadelphia & Miss. R. R. Co.* v. *Benton,* 86 Ark. 289, and *St. L., I. M. & S. Ry. Co.* v. *Wiseman,* 119 Ark. 477, as illustrative cases.

In the first mentioned case a servant was riding on a flat car, with his legs dangling over the side of the car, on his return from work. Another servant threw some firewood off of the car as it passed his dwelling house, and it struck the ground, rebounded and struck Benton on the leg. The court held that the rebound of the stick of wood thrown from the flat car in such a way as to strike the legs of a man sitting upon the car was an accident, and not one of the consequences that might have been foreseen in the light of the attendant circumstances.

In the last mentioned case the servant was engaged in taking the brass out of a journal box and putting a new one in it. They used a prize pole to prize the wheel down in order to put the brass in the journal box. This was a familiar method of doing the work, and the servant understood and appreciated perfectly the dangers attending it. Hence he assumed the risk. It is readily apparent that neither of the cases just referred to controls the present case.

In the first case the rebound of the stick of wood was an accident pure and simple. In the second case the servant was using a prize pole in a way that he knew was dangerous and was injured while doing so. The court properly held that he assumed the risk. If appellee had been injured in the present case while his foreman and himself were engaged in prizing logs loose from each other, the case would be in point. The negligence in the present case, however, did not consist in their use of the prize pole. It consisted in leaving the prize pole in the mass of moving logs. The testimony shows that the foreman directed the appellee to get out of the way, and that the foreman remained there with the prize pole in his hand. When the foreman left, he should have taken the prize pole with him, and, not having done so, the question of negligence in this regard was properly a jury question. Of course, the plaintiff knew that if the prize pole was left there it would be in the mass of swiftly rolling logs and that their movement might cause the prize pole to be hurled violently through the air and thereby injure anyone standing in its path. But he did not anticipate that his foreman would leave the prize pole in the timber when it began to move. It was customary for the pole to be taken out. The appellee had a right to expect that the foreman would take the prize pole with him when he got off of the timber deck. The appellee had gotten clear of the moving timber, and would not have been hurt if the prize pole had not been violently propelled through the air in his direction by the mass of moving timber. He had taken the place in

the open space between the two sections of the skidway, and would not have been hurt if the prize pole had not been left in the mass of moving timber. Hence the question of the negligence of the appellant and the contributory negligence of the appellee were properly submitted to the jury.

Therefore the judgment will be affirmed.