MOLINE TIMBER COMPANY v. McCLURE.

Opinion delivered December 8, 1924.

1. MASTER AND SERVANT—ASSUMED RISK.—Where the conditions under which a servant works are constantly changing so as to increase or diminish his safety, it is his duty to make his place of work safe, and no duty in that regard rests. upon the master, the servant assuming the risk arising from the use of the working place ·and appliances.

2. MASTER AND SERVANT—NEGLIGENCE OF FOREMAN—JURY QUESTION.—In an action by an employee for personal injuries, where there was a conflict in the testimony as to whether another employee was a vice principal, for whose negligence the master would be liable, the issue was ·properly submitted to the jury.

3. MASTER AND SERVANT—NEGLIGENCE—FAILURE TO FURNISH SAFE PLACE.—In an action by an employee for personal injuries, evidence held to warrant a finding that his injuries were received because of the omission of the foreman to exercise reasonable care to provide a safe working place.

4. MASTER AND SERVANT—ASSUMED RISK.—In an action by an employee for injuries caused by being struck in the eye by a nail which he was driving, evidence held not to show assumption of risk as matter of law.

5. APPEAL AND ERROR—PRESUMPTION AS TO OBJECTIONS.—Where only one objection to an instruction is raised on appeal, it will be presumed that it was the only objection in the trial court.

6. MASTER AND SERVANT—DUTY TO FURNISH SAFE PLACE.—Where an employee was working under the immediate direction of his foreman, it was the duty of the master to exercise ordinary care to furnish a reasonably safe place in which to work.

7. TRIAL—CONSTRUCTION OF CHARGE.—In an action by an employee for personal injuries, an instruction on the subject of contributory negligence was not objectionable as ignoring the defense of assumed risk, where the latter defense was correctly submitted in another instruction.

Appeal from Hot Spring Circuit Court; .Thomas E. Toler, Judge; affirmed.

Henry Berger and T. D. Wynne, for appellant.

The duty of the master to provide his servants a safe place in which to work does not attach where the place becomes dangerous in the progress of the work, either necessarily or from the manner in which the work is

done.   73 Fed. 970; Labatt, Master & Servant, vol. 3, p.
3140; 19 L. R. A. (N. S.) 345; 14 C. C. A. 492; 49 C. C.
A. 347; 76 Ark. 69; 95 Ark. 560; 88 Ark. 292; 33 L. R. A.
(N. S.) 223; 173 Pa. 162.   Appellee could have continued
to use the ladders supplied him or he could have built
a scaffold.  The method used by him was of his own
adoption, and he therefore assumed the risks and dan-
gers incident thereto.   122 Ark. 533; 93 Ark. 140; 108
Ark. 377.   Appellee knew that the boards being used
had knots in them, and he assumed the risk from their
use.   97 Ark. 486; 57 Ark. 503; 67 Ark. 209; 79 Ark. 20;
82 Ark. 11; 95 Ark. 560.   There was no compulsion on
appellee that he do the work without a scaffold, and, if
he knew and appreciated the danger from doing the
work without such appliance, he must be deemed to have
assumed the risk.   188 S. W. 549.   The facts did not
warrant the submission of the case to a jury.   76 Ark.
69; 93 Ark. 140; 88 Ark. 292.

   *D. D. Glover,* for appellee.

   This was not a case where the work became more
dangerous as it progressed, and the cases cited by appel-
lant on that point do not apply.   Where a servant is
working in a place of danger, it is the master's duty to
adopt such reasonable precaution to provide for his
safety as a reasonably prudent man would have con-
sidered sufficient for his own safety under the same cir-
cumstances.   81 Ark. 592; 80 Ark. 260; 91 Ark. 341; 87
Ark. 217; 105 Ark. 392; 88 Ark. 292.   The servant does
not assume the risk if there is any negligence on the
part of the master.   90 Ark. 223; 79 Ark. 20; 98 Ark.
340.   The servant is justified in going ahead with the
work under the master's direction unless he realizes the
danger to which he is exposed.   95 Ark. 292; 87 Ark.
296; 98 Ark. 228; 102 Ark. 640.

   McCULLOCH, C. J.   The plaintiff, E. N. McClure,
received personal injuries while he was at work as a car-
penter in the service of the defendant, Moline Timber
Company, and he instituted this action to recover dam-
ages.   An eight-penny nail which plaintiff was attempting

to drive through a piece of lumber flew out when struck by the hammer and pierced one of plaintiff's eyes, and the injury was so severe that the eye had to be entirely removed. The plaintiff not only lost his eyesight, in one eye, but the sight of the other eye was greatly impaired and he suffered great pain. The jury awarded damages for an amount which is not claimed to be excessive.

Plaintiff claims that he is not an experienced carpenter, and had been working for defendant in another capacity, but was called on to do this kind of work in assisting one of the foremen in partitioning off a section of defendant's dry-shed; that he and the foreman were engaged in boarding up the gable end of the section partitioned off, which was at an elevation of about six feet above the floor of the shed, and in doing the work he was required to stand on a piece of timber two by six in size, to which the bottom end of the plank was to be nailed; that he requested the foreman to build a scaffold to stand on instead of standing on the narrow piece of timber, but that the foreman declined to permit the scaffold to be built, and directed plaintiff to stand on the narrow piece of timber and nail the plank thereto. Plaintiff testified in support of his claim, and explained to the jury how the injury occurred. He stated that a scaffold could have been built out of three pieces of timber in a very short time, and that he could safely have stood on the scaffold to nail on the plank, but that, in standing on the narrow piece of timber, as required by his foreman, he could not get a fair lick at the nail being driven, and had to swing his body out as far as possible and lay his head against the rafter, and, while nailing, put one hand through the crack between rafter and the roof in order to hold the nail, and that on this account he hit the nail a slanting lick, which caused it to fly out of place and strike him in the eye. He testified also that the foreman handed up a timber that had a knot in it at the place where the nail was to be put through, and that he could not see the knot plainly where he was standing.

Negligence of the defendant is charged in failing, through its foreman, to provide a safe place to work—a scaffold—and also in furnishing a defective hammer with a worn face. Plaintiff also testified at the trial with reference to the condition of the hammer and pleaded that the worn face was partly the cause of his failure to strike the nail a direct blow so as to drive it in.

The principal contention for reversal is that the testimony is not sufficient to sustain the verdict.

There is a sharp conflict in the testimony on the question whether or not plaintiff was working under the immediate direction and supervision of the foreman or whether he was merely working in conjunction with a fellow-servant. Plaintiff testified that he was working under the immediate supervision and direction of Joe Mason, who was a foreman over him, but defendant introduced testimony to the effect that Mason was not a foreman, and that the two men were assigned to this work as fellow-servants engaged in the same service.

Learned counsel for defendant invoke the rule, established by decisions of this court and by other authorities, that, where the conditions under which a servant is put to work are constantly changing so as to increase or diminish his safety, it is the servant's duty to make the working place safe and that no duty in that regard rests upon the master. That rule is well established by decisions of this court. *Grayson-McLeod Lbr. Co.* v. *Carter,* 76 Ark. 69; *Murch Bros. Cons. Co.* v. *Hays,* 88 Ark. 292; *Southern Anthracite Coal Co.* v. *Bowen,* 93 Ark. 140; *Fordyce Lbr. Co.* v. *Lynn,* 108 Ark. 377; *Sheldon Handle Co.* v. *Williams,* 122 Ark. 552. That doctrine is an exception to the general rule that the master owes his servant the duty to exercise ordinary care to make the working place and appliances with which to work reasonably safe. Of course, where the duty is delegated to the servant himself to make his own working place and appliances safe or to determine the sufficiency of the appliances, there is no duty on the part of the master, and the servant assumes the risk of any danger arising from the use

of the working place and the appliances and material. *Sheldon Handle Co.* v. *Williams, supra.* According to the testimony adduced by the defendant, the present case fell within the exception to the general rule, and there was no liability to the injured servant; but, on the other hand, according to the testimony adduced by the plaintiff, the general rule as to the master's duty was applicable; for, according to that testimony, the plaintiff was working under the immediate supervision of the foreman, whose orders he was bound to obey. According to his testimony he had no control or choice in the selection of the working place or the appliances with which to work, and, if the foreman failed to exercise ordinary care in providing a working place and tools with which to work, the defendant is liable under the doctrine of *respondeat superior.* There being a conflict in the testimony upon the crucial point as to whether Joe Mason was plaintiff's foreman or his fellow-servant, there was evidence sufficient to warrant a submission of the issue of actionable negligence on account of the failure of the foreman to exercise reasonable care to provide a reasonably safe working place. The evidence was sufficient to warrant the jury in finding that, on account of this omission, the plaintiff was put in a strained position, where he could not see how to do the work properly, and that the injury was caused by plaintiff's inability in that position to properly strike the nail which flew out from the piece of timber and struck him in the eye.

It is also insisted that, according to the undisputed evidence, plaintiff assumed the risk of the danger, but we cannot say that, under this evidence, there was an assumption of the risk as a matter of law. That was a question for submission to the jury. Plaintiff testified that he was not an experienced carpenter, and that he did the work in the manner indicated under the immediate direction of his foreman. It was not impossible to do the work in that manner with safety, and it cannot be said as a matter of law that the danger was so obvious that plaintiff must be deemed to have assumed

the risk.  On the other hand, the jury was warranted in drawing the conclusion that it was negligence to require plaintiff to stand on the narrow piece of timber instead of providing a scaffold.

Error of the court is assigned in giving plaintiff's instruction No. 1, which submitted the question of the duty of the defendant to exercise ordinary care to furnish plaintiff, its servant, a reasonably safe place in which to work.  The only contention on this assignment is that the instruction was abstract and out of place in the trial of this case, because the evidence does not show a state of facts upon which there could be predicated the duty of defendant to provide a safe place in which the servant was to work.  No other objection to the instruction is suggested, and we must assume that that was the only objection made to it in the court below.  We think this objection is unfounded, for, as we have already seen, there was affirmative evidence to the effect that plaintiff was working under the immediate direction of the foreman, and it was the duty of the master, through its foreman, to exercise ordinary care to furnish a reasonably safe working place.  Under those circumstances there was no delegation to the plaintiff, as the servant, to himself make the working place safe.

Error of the court is also assigned in giving plaintiff's instruction No. 4, which reads as follows:

"You are instructed that, if you find from the evidence in this case that the defendant is a corporation, that the plaintiff was, at the time of the injury complained of, in its employ and working in the performance of his duty, and you find from the evidence that the plaintiff's injury resulted, in whole or in part, from the negligence of the defendant company, then you are told that the fact that the plaintiff may himself have been guilty of contributory negligence will not bar or prevent his recovery on account of his contributory negligence, but it will be your duty, if you find for the plaintiff, to diminish any damages which, in your opinion, he might be entitled to

recover in proportion to the amount of negligence found by you to be attributable to the plaintiff, if any."

The contention is that this instruction ignores the defense of assumed risk. We are of the opinion that the instruction does not ignore that defense, which was correctly submitted in other instructions given by the court at the request of defendant's counsel. This instruction related solely to the question of contributory negligence. It does not require the jury to return a verdict in plaintiff's favor regardless of the assumption of the risk, and merely tells the jury, in substance, that contributory negligence is not a bar to recovery, but calls for a diminution of the damages.

These are the only assignments of error, and, as before stated, we are of the opinion that they are not well founded.

The judgment is therefore affirmed.