BOOTH & FLYNN COMPANY *v.* PEARSALL.

Opinion delivered December 8, 1930.

John G. Rye and W. P. Strait, for appellant.

G. W. Clark and R. W. Robins, for appellee.

Hart, C. J., (after stating the facts). According to the settled law of this State, it is the duty of the master to exercise ordinary care to provide his servants with a reasonably safe place in which to work and reasonably safe appliances with which to work. *Woodson* v. *Prescott & Northwestern Ry. Co.*, 91 Ark. 388, 121 S. W. 273; and *International Harvester Co. of America* v. *Hawkins*, 180 Ark. 1056, 24 S. W. (2d) 340.

It is also well settled that, in order to warrant a finding that negligence is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligent or wrongful act, and that it ought to have been foreseen in the light of the

attending circumstances. *Ultima Thule, Arkadelphia & Mississippi Rd. Co.* v. *Benton,* 86 Ark. 289, 110 S. W. 1037; and *Pittsburg Reduction Co.* v. *Horton,* 87 Ark. 576, 113 S. W. 647, 18 L. R. A. (N. S.) 905.

In cases like this, the burden of proof is upon the injured servant to show negligence on the part of the master or of a fellow-servant in the failure to perform his duty to him as such fellow-servant which proximately caused or resulted in his injury. *Cleaver* v. *Bert Johnson Orchards, Inc.,* 175 Ark. 223, 298 S. W. 1016.

This burden was not met by the plaintiff in the case at bar. It cannot be said that, even though the sliver which struck the plaintiff in the eye came from the iron pipe, when his fellow-servant threw down the block of wood on it, the master or fellow-servant was guilty of negligence. The work was being done in the ordinary and customary way of doing such work, and there is nothing to show that it was not reasonably safe. According to the plaintiff's own testimony, some of the laborers would bend down in placing the blocks on the iron pipe, and others would let them fall or throw them down on the pipe. It could not have been reasonably anticipated that the act of letting fall the block of wood on the iron pipe would cause a sliver to be knocked from the pipe and injure a fellow-laborer.

No testimony of any character was introduced tending to show that the pipe was made of defective material or that the way of distributing the blocks adopted by the defendant was not a safe way in which to do the work. According to the plaintiff's own testimony, his injury was the result of an unfortunate accident for which no one was to blame. It was an unanticipated and unexpected occurrence which no reasonable person would have likely foreseen. It was an unavoidable accident and a complete defense against liability on the part of the defendant. Therefore, the peremptory instruction requested by appellant should have been given, and, for the error in not so doing, the judgment will be reversed; and, inasmuch as the cause of action seems to have been fully developed, it will be dismissed here.