GERIG *v.* FURR.

Opinion delivered June 15, 1931.

*Buzbee, Pugh & Harrison,* for appellant.

*W. D. Swaim* and *McMillan & McMillan,* for appellee.

BUTLER, J. This action was brought in the Clark Circuit Court by the appellee to recover damages for injuries sustained by him while in the employ of the appellant. The alleged cause of negligence was the failure of the appellant to provide a reasonably safe place in which appellee might do his work.

The appellee recovered judgment in the court below and on appeal here it is, among other things, insisted that the evidence was insufficient to establish negligence on the part of the appellant.

Appellant is a partnership, which at the time of the injury was engaged in building a bridge across the Caddo River bottom. In this construction work it employed a large number of men among whom was the appellee, who, while in the performance of his duties on the 29th of July, 1930, fell and was severely injured.

The evidence is conflicting, but that most favorable to the appellee may be thus stated. Appellee was engaged with four or five others in tying long steel rods with small wire into bundles. These bundles were to be used in reinforcing concrete pillars upon which the bridge when completed was to rest. How long appellee had been in the employ of the appellant is not certain; he stated "for several days" before the date of the injury. Appellee was a man about fifty years of age whose chief occupation was that of tenant farmer, but at intervals he did other work. His son was his regular foreman, but on this day one Dave Yates had been left to act as foreman in his place. The right-of-way which led to the construction work and at the point of the injury was 130 feet

wide. A small concrete mixer was used in mixing concrete for pouring into forms for pillars, and this for convenience would be located near the point where a pillar was to be erected, and when one pillar was cast the mixer would be moved a short distance where another pillar was to be set and so on, being moved at frequent intervals ranging from one or two days to as short as a few hours apart. When the mixer would be set in place, three 2x4s about 12 feet long would be laid by its side and across these scantling planks 2x12 inches in width and of varying lengths from 8 to 12 feet, would be laid, thus forming a low platform about two inches in height from the surface of the ground. The purpose of this platform was to form a fairly level and firm surface on which carts or "buggies" carrying material from the mixer to the form into which it was to be poured might be easily rolled. When the mixer would be moved, the planks and 2x4s would be taken up and placed by the mixer in its new position. The proper way to make this platform was to place the 2x4s on the ground and the planks across them without nailing. When the platform was laid upon which appellant afterwards stumbled and fell, the employees who were laying it began to nail the planks to the 2x4s. The general foreman noticing this, directed them not to nail the planks saying, "Don't nail them—we will have to use them over and over, and it is not necessary any way." At the time of the injury to appellee the concrete mixer was sitting about the center of the right-of-way with the above-described platform resting immediately by and west of it. Appellee was at work tying the steel rods in "a little yard" on the side of the right-of-way 200 feet northeast of the mixer. He had previously been doing the same work at a point on the side of the right-of-way southwest of the concrete mixer and had left some small wire at this point. While tying the rods northeast of the mixer, he and his co-workers had used all the small wire there, and Yates told him to go and get more wire. "You know where it is."

In obedience to this direction, Furr left the point of his work and started diagonally across the right-of-way to the point at which he had been at work before and at which he had left the wire. The direction he took led him immediately to the above-described platform, and, as he was in the act of stepping upon it, another employee, who, with three others, was carrying an empty form, stepped upon the end of one of the planks which projected from the 2x4s, causing it to rise above the level of the floor. Appellee struck his foot at the instep against this and fell heavily upon the platform, severely injuring him. On the east side of the platform was a sand pile and gravel and some long pine poles used in the "false work" of construction, and on the west side of the platform were some forms. These forms were about 24 inches square and required from two to four men to carry them. In making his way down and across the right-of-way the most convenient route for appellee to take was to and across the platform; otherwise he would have to cross over the pile of sand and gravel on the east or the empty forms on the west or detour on the right-of-way so as to avoid them. It was the usual thing for employees to walk across the platform, and appellee himself had walked across it several times, twice on the morning before his injury. He had not helped build the platform, nor had he seen any of them built, and he did not know how they were constructed.

It is our opinion that the above facts do not constitute actionable negligence on the part of the appellant. While it was the duty of appellant to exercise ordinary care to see that the premises were reasonably safe for the purposes contemplated, they were not insurers of appellee against the natural and ordinary risks incident to the performance of his duties, and in the exercise of ordinary care the appellant was only obligated to provide against those contingencies which might be expected by an ordinarily careful and prudent person. It is true, the accident might not have happened had the

planks been nailed to the 2x4s, but can it be said, when the situation of appellee with reference to the nature of his work and the uses for which the platform was constructed are considered, that such an accident might have been reasonably anticipated by one of ordinary experience and sagacity, and could such a one have reasonably foreseen that the result which did happen might occur? We think not.

The case of *Oak Leaf Mill Co.* v. *Littleton*, 105 Ark. 392, 151 S. W. 262, relied on by the appellee, presents an entirely different situation to that of the instant case. In that case the platform on which the injury occurred was the place for the performance of the duties of the injured servant on which heavy logs were placed to be rolled down by the servant as need required. Two of the planks were unfastened, and the injury was caused by a log on which there was a knot rolling over the unfastened plank, the knot striking the plank, causing it to fly upward. In that case the court held that it was a question for the jury whether such an accident might reasonably have been anticipated and foreseen in the light of the attendant circumstances. But in the case at bar the platform had no connection with any of the duties appellee was called upon to perform. Its sole purpose was for the use of the concrete "buggies," it was but two inches above the surface of the ground, and was constructed in the customary manner which construction was necessary as the use of such platform at any one place was temporary. It had to be moved frequently and used, as stated by the foreman, "over and over again." The evidence is undisputed that the platform was properly constructed for the use for which it was intended, and there was no fact or circumstance in the history of the use of such platform, or any such attending its location at any time, which could have caused a man of ordinary intelligence and experience to have reasonably foreseen the occurrence of the accident from which appellee suffered or any similar accident.

As said in *LaGrand* v. *Arkansas Oak Flooring Co.*, 155 Ark. 585, 592, 245 S. W. 38, "If the master, in the exercise of ordinary care to furnish a safe place and tools, could not have reasonably anticipated or foreseen that the injury could have occurred as it did, then he is not negligent if he fails to provide means to prevent it." *Ultima Thule Arkadelphia, etc. Ry. Co.* v. *Benton*, 86 Ark. 289, 110 S. W. 1037; *Pittsburg Reduction Co.* v. *Horton*, 87 Ark. 576, 113 S. W. 647; *Saxon* v. *Barksdale*, 168 Ark. 976, 272 S. W. 647; *Covington* v. *Little Fay Oil Co.*, 178 Ark. 1046, 13 S. W. (2d) 306; *Ault* v. *McGaughey*, 173 Ark. 322, 292 S. W. 359.

It follows that the trial court erred in refusing to direct a verdict for the defendant as requested, and, as the case appears to have been fully developed, the judgment is reversed, and the cause dismissed.