CITIZENS' ELECTRIC COMPANY v. THOMAS.

Opinion delivered May 6, 1905.

INSTRUCTIONS—ERROR IN ABSTRACT STATEMENTS.—Error in an abstract statement of a general proposition of law was not prejudicial if the only issue in the case was fully and fairly presented to the jury.

Appeal from Carroll Circuit Court, Western District.

JOHN N. TILLMAN, Judge.

*White & Butt* and *J. V. Walker,* for appellant.

Instruction No. 1 was misleading, since it required a higher degree of care on the part of appellant than the law demands. 57 Ark. 287; 60 Ark. 550; 1 Street Ry. Rep. 157, 238.

*Charles D. James,* for appellee.

Instruction No. 1 was proper. 34 Ark. 614; 40 Ark. 298 ·51 Ark. 459; 57 Ark. 418; 57 Ark. 287; 81 Mo. 325; 90 Ala. 8, 60; 68 Ark. 610. The verdict is right upon the whole case, and will not be reversed. 64 Ark. 238; 62 Ark. 228. Where there is evidence to support the verdict, this court will not disturb it. 46 Ark. 142; 51 Ark. 467; 56 Ark. 514; 57 Ark. 577; 47

Ark. 196; 70 Ark. 513, 136; 67 Ark. 399. After the car was stopped, it was the duty of the conductor to see that starting the car did not imperil the safety of passengers. 61 N. Y. Supp. 806; 31 S. E. 720; 24 So. Ry. 622; 6 Cyc. 617; 23 Am. & Eng. Enc. Law, 1008; 44 Atl. 547; 27 So. 661.

HILL, C. J. Matilda Thomas, a visitor to Eureka Springs, was taking a ride on one of the appellant's open cars. She desired to get off at one of its stations—the Harding Spring—and there is conflict in the testimony as to the manner of her departure from the car. She says she gave the proper signal for a stop, the car stopped, and, while she was in the act of alighting, the car started with a jerk, and threw her off; that the conductor gave a signal which started the car, and that he was on the running board just a few feet behind her when he did so. As she weighed 225 pounds, and her color was dark, there could be no question that the conductor saw her, if her story is true. She was corroborated by two witnesses.

The appellant's evidence contradicted all her testimony. It was testified that she jumped off while the car was moving, and after sufficient stop had been made at the station for all passengers to alight, and it was after the car started that she made the leap from it, and that the car could not start with a jerk. This conflict in the evidence was submitted to the jury under instructions which are not challenged, so far as this issue is concerned.

The jury found a verdict for $250 damages, and the amount is only moderate compensation for the injury, and the amount of recovery is not complained of.

Only two questions are presented here.

1. The court said in the first instruction: "The defendant company is a common carrier of passengers, and as such is required to use and exercise, through and by its agents and servants, the utmost care and diligence in the operation and management of its cars which human skill and foresight can effect," etc.

The sixth instruction, given at request of appellant, was modified by the court so as to read: "I charge you that, although carriers of passengers are required to exercise the utmost care

and diligence in taking care of their passengers, they are not the insurers of the safety of their passengers, and it is the duty of passengers to exercise ordinary care and prudence in taking care of himself or herself," etc.

Attention is called to *Railway Company* v. *Sweet,* 57 Ark. 287, and the same case in 60 Ark. 550, where the use of the terms "utmost diligence which human skill and foresight could effect" was condemned.

The statement in the first instruction was a mere introduction to the law on the subject, and the law was definitely and accurately defined in presenting the issue of fact to the jury. In the sixth instruction, given at the instance of appellant, the same matter was introductory to the statement that the carrier was not an insurer of the safety of the passenger, and that he must exercise ordinary care and prudence. These abstract statements of general propositions, whether correct or incorrect, might have profitably been omitted. The real issue and only issue in the case was whether the car started while appellee was alighting, or whether she jumped from the moving car, and it was fully and fairly presented to the jury, and all the instructions on that subject requested by appellant were given. Therefore, it follows that these general statements, if their error be conceded, were harmless, and could not have affected the result in the least.

2. The sufficiency of the evidence to sustain the verdict is questioned, but the contention is without merit.

The testimony of any one of the three witnesses for the appellee was sufficient to sustain the verdict under the law as recently announced in the case of *Little Rock Traction & Electric Co.* v. *Kimbro, ante,* p. 211. While the appellant had strong evidence to sustain its theory, it comes here discredited by the jury, which has found upon legally sufficient evidence the verdict in question.

The judgment is affirmed.