## PETTUS *v.* KERR.

Opinion delivered September 28, 1908.

1. APPEAL—GENERAL OBJECTION TO INSTRUCTION—SUFFICIENCY.—A general objection is insufficient to call attention of the trial court to the objection that an instruction defined the master's duty to be to furnish a safe place to the servant, instead of a *reasonably* safe place. (Page 399.)

2. SAME—INVITED ERROR.—Appellant cannot complain of an error in an instruction given at appellee's request if an instruction which contained the same error was given at appellant's request. (Page 399.)

3. MASTER AND SERVANT—ASSUMPTION OF RISKS.—A servant has the right to act upon the presumption that the master has discharged his duty with reference to providing suitable appliances and a safe place, and does not assume the risk of the master's negligence in this respect. (Page 400.)

Appeal from St. Francis Circuit Court;. *Hance N. Hutton,* Judge; affirmed.

*R. J. Williams* and *N. W. Norton,* for appellants.

1. Under appellee's own testimony, the court should have given a peremptory instruction for the defendants. The accident cannot be accounted for by anything defective or unusual about the machinery, nor traced to any breach of duty on the part of appellants. He never reached the point where the rope was around the shaft; and since no other act of negligence on appellants' part was alleged, it follows that the injury was due to his own negligence, or that the risk of such injury was assumed in accepting the employment. 77 Ark. 367.; 57 Ark. 461.

2. The second instruction given for plaintiff is erroneous. A reasonably safe place in which to work is all the law requires. 74 Fed. 195; 40 Pac. 298; 61 Ark. 141; 48 Ark. 474; 59 Ark. 98. The error is not cured by the use of "reasonably safe" in the in-

structions given at defendant's request. That only served to make them conflicting and inconsistent. 54 Ark. 588; 16 S. W. 658. The instruction is further erroneous in eliminating the doctrine of assumed risk.

3. There was no question of latent defects, and it was error to charge the jury on the duty of the employer to search for latent defects, etc. Such an instruction was abstract. 63 Ark. 177; 77 Ark. 567; 76 Ark. 599.

*S. H. Mann,* for appellee.

1. There was no danger of the shaft catching one's clothing until after it was wrapped with the rope. The superintendent's attention was called to the danger of injury, but the appellee was not advised of the change, and it was not likely to be noticed by one not previously warned. Appellee did not assume the risks of dangers resulting from appellant's negligence. 77 Ark. 366.

2. The words "safe and suitable," used with reference to the duty of employers to furnish employees with safe and suitable appliances, mean reasonably safe and suitable. They are relative terms, and have no reference to the obvious safety or unsafety of the place. 48 Ark. 125; 71 Pac. 692; *Id.* 206; 31 N. E. 221; 36 N. E. 221; 65 Ark. 255. Appellants cannot complain of the failure to limit or explain the word *safe* in the second instruction. They should have called the court's attention to it.

3. It was proper to charge the jury as to the employer's duty to search for latent defects. 44 Ark. 433; 85 Ark. 390; 85 Ark. 503.

McCulloch, J. Appellee was employed by appellants, Pettus & Buford, to work in a cotton gin, and sues them to recover damages for physical injuries received while at work replacing a belt which had escaped from a pulley. He alleged in his complaint that apellants negligently fastened a rope to the pulley and the shaft on which it revolved, and left it there with a loose, knotted end six or eight inches long, and that while he was in the act of replacing the belt his clothing was caught by the knotted end of the rope, throwing him against the shaft and injuring him. It is also alleged that the rope on the pulley was in a dimly lighted place, that its presence there was not observable without close inspection, and that appellants were also guilty

of·negligence in failing to warn appellee of the presence of the rope. The testimony adduced at the trial tended to establish the allegations of the complaint, and was sufficient for that purpose. The jury rendered a verdict in favor of appellee, assessing his damages at five hundred dollars.

It is earnestly insisted that the testimony is insufficient to sustain the charge of negligence, but, as already stated, we are of the opinion that it was legally 'sufficient to justify the verdict of the jury. It is undisputed that the pulley did not fit on the shaft, that it had to be tightened with the rope, and that it was unusual to fasten a rope to the pulley and shaft.

There is a conflict in the evidence as to there being a knotted end of the rope extending from the pulley or shaft, but the evidence abundantly establishes the fact, and that it caught appellee's clothing while he was attempting to replace the belt on the pulley. It is true that no one saw the end of the rope catch the clothing, but from the condition of the clothing wrapped around the shaft and rope and from the position appellee occupied, according to his testimony, the jury could legitimately draw the inference that the injury occurred in that way. The evidence tends to show that it was not proper to have the pulley fastened in that way, that the rope with the knotted, loose end was situated in a dark place where it could ·not be readily observed, that it frequently became necessary for an employee to go there to replace the belt, and that its presence there caused the injury to appellee. This was sufficient to make out a charge of culpable negligence on the part of appellants in the discharge of their duty to their employees in the exercise of ordinary care to provide a safe place where they were required to work.

Error is assigned in the giving of the following instruction at the request of appellee:

"It was the duty of the defendants to furnish the plaintiff with suitable machinery, tools and appliances and a safe place for him to work, and the plaintiff had a right to presume that the defendants would do their duty in this respect; so, when directed by proper authority, or when in the performance of his duty, he was required to perform certain services, or to perform them in a certain place, he would be justified in obeying orders, without being chargeable with contributory negligence or with the assumption of the risk in so doing."

The chief objection urged to this instruction is that it defines the duty of the master to be to furnish a safe place to the servant, instead of a *reasonably* safe place. The objection to the instruction was general, and the attention of the court should have been called to the defect by specific objection.

The court also gave the following at appellant's request:

"Reasonably safe appliances furnishes the test of the proprietor's duty to the laborer; and if you find the shaft and pulley were reasonably safe to those working about it at the time of the accident, you will find for the defendants."

The two instructions are not in conflict with each other, but the latter explains and qualifies the former. *Citizens' Electric Co.* v. *Thomas*, 75 Ark. 260. The latter explains what is meant by a safe place, and tells the jury that the master fully discharges his duty to the servant if he furnishes reasonably safe appliances.

Both instructions were erroneous in failing to state that the duty of the master would be discharged by exercising ordinary care in providing reasonably safe appliances with which to work, instead of saying that it was the absolute duty to provide such appliances. That is the real defect in the instruction, but no objection has been made either here or below on that ground, and a general objection was not sufficient. *St. Louis, I. M. & So. Ry. Co.* v. *Barnett*, 65 Ark. 255.

Instead of objecting on that ground, appellant requested the court to give the instruction quoted above which contains the same defect. Having induced or acquiesced in the error, they cannot complain. *Fort Smith L. & T. Co.* v. *Barnes*, 80 Ark. 169.

If, however, the instructions just quoted were calculated to give an erroneous impression of the law of the case, it must have been entirely removed by the following instruction which the court gave:

"The law holds one operating machinery liable for only such mishaps as a reasonably prudent person should anticipate and foresee as a probable result of the condition of the machinery; and, unless you find from the proof by a preponderance that the rope was the cause of the accident, and that it was upon the shaft and pulley in such a way that those in charge, as reasonably prudent persons, should have foreseen and anticipated the probability of an accident such as happened, you will find for the defendants."

The further objection is urged to the instruction first quoted is that it told the jury in effect that, because of the presumption which the servant had the right to indulge that the master had discharged his duty, he could not be guilty of contributory negligence in so doing, nor could he be held to have assumed the risk. We do not think the instruction could have been so understood by the jury, so far as the question of contributory negligence is concerned, for the court in another instruction given at appellant's request clearly submitted that question to the jury.

As to the question of assumption of risk, it was entirely correct to say that a servant has the right to act upon the presumption that the master has discharged his duty with reference to providing suitable appliances and a safe place, and that he does not assume the risk of danger caused by the negligence of the master. *Choctaw, O. & G. Rd. Co.* v. *Jones,* 77 Ark. 367; *Southern Cotton Oil Co.* v. *Spotts,* 77 Ark. 458.

Objection is made to another instruction given at request of appellee, but we find no error therein.

The record is free from error, and the judgment must be affirmed. It is so ordered.