ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.*

HOLMES.

Opinion delivered November 23, 1908.

1. MASTER AND SERVANT—OBSERVABLE DEFECT—NEGLIGENCE.—Evidence that
   a brakeman was injured, when he attempted to climb up on a freight
   car, by a hand hold or "grab iron" pulling loose, and that a tap was
   gone from a bolt which should have held the grab iron, was sufficient
   to prove that there was a defect which might have been discovered
   by proper inspection. (Page 184.)

2. SAME—WHO ARE FELLOW SERVANTS.—A car inspector and brakeman
   were not fellow servants, under Kirby's Digest, § § 6658-60. (Page
   184.)

3. PLEADINGS—AMENDMENT—DISCRETION OF COURT.—When objection is
   made to the introduction of evidence not in support of an issue prop-

erly raised, the court in its discretion may permit or refuse to permit an amendment of the pleadings to be made; and this discretion will not be disturbed on appeal unless an abuse is shown which prejudiced substantial rights of the appellant. (Page 185.)

4. SAME—DISCRETION TO REFUSE AMENDMENT.—Where the plaintiff in a personal injury suit was engaged by a conductor on a freight train to work for the company as brakeman, and did regular work for some time under two conductors and received his pay from the company before he was injured, it was no abuse of discretion to refuse to permit the company, in the midst of the trial, to amend its answer so as to deny the authority of the conductor to employ him. (Page 185.)

5. MASTER AND SERVANT—WHEN RULES BINDING.—An employee is not bound by a rule adopted by his master if he has no knowledge of its existence. (Page 186.)

6. SAME—DUTY TO MAKE INSPECTIONS.—The rule which imposes upon the master the duty to exercise ordinary care to provide his servants with a reasonably safe place in which, and reasonably safe appliances with which, to work requires the master to make reasonable inspection to see that the place and appliances are safe. (Page 187.)

7. INSTRUCTIONS—GENERAL OBJECTION.—A general objection to an entire instruction is insufficient to point out an ambiguity in a part of it. (Page 188.)

Appeal from Independence Circuit Court; *Frederick D. Fulkerson,* Judge; affirmed.

*Jas. H. Stevenson, T. M. Mehaffy* and *J. E. Williams,* for appellant.

1. The court erred in refusing to permit appellant to amend its answer so as to deny the employment of appellee by the company, and the authority of the conductor to employ him. 65 Ark. 422; 43 Ark. 451; 62 Ark. 262; 85 Ark. 217; 84 Ark. 37. If the conductor had no authority to employ him, appellant owed him no duty as to providing safe appliances or making inspection of cars, and it would not be liable for his injury unless wantonly or wilfully inflicted. 67 L. R. A. 701.

2. The court erred in refusing the eleventh instruction requested by appellant. The inspector and brakeman were fellow servants, appellee's injury having occurred prior to the Fellow Servants Act of March 8, 1907; 46 Ark. 555; 51 Ark. 467; 67 Ark. 295; Kirby's Digest, § § 6658-60. And in not seeing to it that the cars were inspected appellee was guilty of contributory negligence.

3. The thirteenth instruction requested should have been given. The company is not an absolute insurer of the safety of its cars, and reasonable care in inspection is all that is required.

4. The instruction given by the court on its own motion was erroneous in making it obligatory upon appellant to have provided a thorough system of inspection at Newport, whereas it was not its duty to provide for inspection at any particular point, but only at reasonable intervals along its line. 67 Ark. 295.

*Oldfield & Cole,* for appellee.

1. Under the circumstances the court properly refused to permit appellant to amend its answer after the evidence was in. The answer contained no denial of appellee's employment, but, on the contrary, admitted it. 32 Ark. 244; 1 Enc. Pl. & Pr. 499; 16 Ark. 120; 22 Ark. 166; 54 Ark. 444; 59 Ark. 165; 60 Ark. 526; 68 Ark. 314; 53 L. R. A. 817; 56 L. R. A. 341.

2. The car inspector and appellee were not fellow-servants, even at the common law; certainly not under the law of this State. 67 Ark. 295; 51 Ark. 467; 3 Elliott on Railroads, § 327; 4 Thompson on Negligence, § 5089; 94 Fed. 781; 116 U. S. 642; 37 S. W. 75; 117 Ind. 439; Kirby's Digest, § 6659; 67 Ark. 1; 84 Ark. 377. Appellee was not informed of any rule requiring him to see that cars were inspected. An employee is not bound by any rule which is not brought to his attention. 48 Ark. 333; 142 Fed. 650; 73 C. A. 646.

3. Appellant's objection to the instruction given on the court's own motion was general and not specific. Objections to the rulings of a trial court should be specifically pointed out to that court. 38 Ark. 528; 59 Ark. 312; 75 Ark. 181; 76 Ark. 41; *Id.* 482. Moreover, Newport being the terminus of this line of railroad, it was appellant's duty to inspect the car there. 51 Ark. 467.

McCULLOCH, J. This is an action instituted by appellee against appellant railway company to recover damages for personal injuries alleged to have been received while working for appellant as brakeman. He alleges that he was a minor at the time of his injury, as well as at the time when he subsequently executed a release to appellant; and, as the jury found this to be true, we must treat it as an established fact, though the testimony

on the point is conflicting. It is alleged in the complaint, and the evidence tended to show, that appellee was working as a brakeman on one of appellant's freight trains, and was attempting, while the train was running, to climb up on a freight car for the purpose of setting brakes when a hand-hold or "grab-iron," as it is called, which he grasped on the side of the car gave way and pulled off, causing him to fall to the ground. Negligence of appellant is alleged in permitting the grab-iron to become insecure, and in failing to inspect the car and discover its insecure condition.

The evidence was sufficient to sustain a finding that the grab-iron was defective and insecure, and that the defect could have been discovered by proper inspection. One end of the grab-iron came loose at the time of the injury to appellee. It was found that the tap was off the bolt which should have held the loose end, and that the bolt had a string wrapped around the threads on the end of it, thus establishing the fact that there was no tap on the bolt when it came loose. This showed that there was a defect which might have been discovered by proper inspection. *St. Louis & S. F. Rd. Co.* v. *Wells,* 82 Ark. 372. The defective car was taken into the train at Newport, where car inspectors were kept on duty. The rules of the company required inspectors to see that freight cars were in good running order and fully supplied with proper appliances, etc.

It is insisted that the inspector was a fellow-servant with appellee, a brakeman, and that no recovery can be had on account of the former's negligence. Under the statutes of this State in force at the time of the injury complained of, as construed by this court, a brakeman and a car inspector were not fellow-servants. *Kansas City, Ft. S. & M. Rd. Co.* v. *Becker,* 67 Ark. 1; *St. Louis, I. M. & S. R. Co.* v. *Dupree,* 84 Ark. 377.

The complaint alleges that appellee was duly employed by appellant as brakeman on the road, and the answer contains no denial of this allegation. On the contrary, it is claimed in the answer as a defense that appellee assumed the risk of danger incident to his employment, and that by his "own negligence and inattention to his duty as an employee of defendant" he contributed to his own injury. During the progress of the trial appellant drew out from appellee on cross-examination that he

had never made written application in the regular way for employment, but had been employed by a conductor on the road to act as brakeman. Appellant then attempted to show that a conductor had no authority to employ brakemen, and to rebut this appellee introduced testimony tending to show that the conductor had authority to employ him, and that he had been working for appellant for some time as brakeman pursuant to this employment. After the introduction of evidence was concluded, appellant's counsel asked permission of the court to amend the answer so as to insert a denial that appellee was employed by appellant, and that the conductor had authority to employ him. The court refused to permit the amendment to be made. Appellant also requested the giving of instructions, which the court refused, defining the duty of appellant to appellee if he was not employed. These rulings are assigned as error.

When testimony is introduced, without objection, upon an issue not specifically raised by the pleadings, the court should treat the pleadings as amended so as to correspond wth the proof, or may permit an amendment of the pleadings to be made. *Sorrels* v. *Self,* 43 Ark. 451; *Davis* v. *Goodman,* 62 Ark. 262; *Nicklace* v. *Dickerson,* 65 Ark. 422; *Roach* v. *Richardson,* 84 .Ark. 37; *Wrought Iron Range Co.* v. *Young,* 85 Ark. 217.

The proof must, however, be confined to the issues raised by the pleadings; but, when objection is made to the introduction of testimony not in support of an issue properly raised, the court may, in the exercise of its discretion, permit an amendment to be made. This court will not disturb a ruling of the trial court in this respect unless an abuse of discretion is shown which prejudiced substantial rights of the appellant. *Kempner* v. *Dooley,* 60 Ark. 526; *Mooney* v. *Tyler,* 68 Ark. 315; *Railway Co.* v. *Dodd,* 59 Ark. 317; *Bloch Queensware Co.* v. *Metzger,* 70 Ark. 232.

Appellee objected to the introduction of certain evidence tending to show that the conductor was not authorized to employ him in appellant's service, and also objected to the offered amendment to the pleadings, as well as the instructions requested by appellant on that issue. These were appropriate and timely objections to the bringing in of the new issue as to appellee's employment in the service of appellant, and we can not say that the

court abused its discretion in sustaining the objections and in refusing to permit the amendment to be made at that stage of the proceedings.

We do not overlook the decisions of this court reversing trial courts for refusing to allow amendments to pleadings during the progress of trials. *McMurray* v. *Boyd,* 58 Ark. 504; *Southern Insurance Co.* v. *Hastings,* 64 Ark. 253. But each case must be judged according to its peculiar facts. In the present one we find nothing to justify a conclusion that the trial court abused its discretion. Appellee was engaged by a conductor on one of appellant's freight trains to work for the company as brakeman. He did regular work for some time under two conductors, and received his pay from the company. These facts are undisputed, and the only other facts for inquiry under the offered amendment would have been whether or not the conductor had authority to employ appellee, or whether the company ratified the act of the conductor by accepting appellee's services and paying him therefor. The complaint contained a specific allegation to the effect that appellee was employed as brakeman, and the answer contained no denial, but on the contrary expressly admitted it. Now, it would appear to have been unjust to appellee to have required him, in the midst of the trial, to meet a new issue thrust into the case as to the authority of the conductor to employ him and the knowledge of the company as to an unauthorized act of the conductor in employing him. Certainly, no abuse of discretion is shown in refusing to permit this amendment to be made.

Error of the court is assigned in refusing to give the following and certain other instructions of like import, requested by appellant:

"11. If it was the duty of brakemen to see that inspection of the cars was made, and upon such failure of inspection to inform or make complaint to the conductor or any other person relating thereto, and if the plaintiff did not perform this duty, and make such complaint or give such information, then plaintiff can not recover."

There was some evidence tending to show the existence of a rule of the company requiring brakemen to see that inspection of the cars had been duly made and to make complaint to conduc-

tors of failure to inspect. There is, however, no evidence that appellee knew of the existence of such rule. Therefore it was improper to give this instruction telling the jury, in effect, that he was guilty of contributory negligence as a matter of law if he failed to comply with the rule. *Little Rock, M. R. & T. Ry. Co.* v. *Leverett,* 48 Ark. 333.

The court gave instructions submitting to the jury generally the question whether or not appellee was guilty of contributory negligence in failing to exercise proper care for his own safety in the discharge of his duties as brakeman, and gave the following at appellant's request, which is perhaps too favorable to appellant:

"14. If such defect as to the grab-iron complained of by plaintiff existed, and such defect was open to the observation of plaintiff by an examination upon his part, as well as open to such investigation as was the custom to be made of such car at Newport, the plaintiff having knowledge of such custom and mode of inspection at that place, then in that event the plaintiff can not recover."

We think that appellant has no just grounds of complaint at the instructions of the court on this subject. It was a question of fact for the jury to determine from all the proof whether or not appellee was guilty of any negligence in failing to discover the defective condition of the grab-iron, or in attempting to use it.

The following instruction requested by appellant was refused:

"13. The mere fact that defendant or its inspectors may have failed to inspect the said grab-iron in question, or to examine the inside of the car to ascertain the condition of the bolt holding such grab-iron to the car, raises no presumption of negligence, and is not sufficient proof of negligence upon the part of the railway company." The instruction was incorrect.

It is the duty of the master to exercise ordinary care to provide his servants with a reasonably safe place in which to work and reasonably safe appliances with which to work. This duty also includes one of making reasonable inspection to see that the place and appliances are safe. *St. Louis, I. M. & S. Ry. Co.* v. *Rice,* 51 Ark. 467. Where a defect is shown to have existed in

the grab-iron which could have been discovered by reasonable inspection, it would have been improper to tell the jury, as a matter of law, that a failure to inspect on the part of the master is not sufficient proof of negligence to warrant a recovery for injury resulting from the defect. Such was the effect of the instruction.

The court instructed the jury at appellant's request that "the mere fact that plaintiff may have received an injury, or the mere fact that the nut or tap of the bolt holding the grab-iron in question to the car may have been found absent or missing, and a string tied around such bolt, does not raise any presumption of negligence, or in itself make sufficient proof of negligence upon the part of the defendant; the mere fact that the grab-iron in question may have given way when plaintiff took hold thereof, and by reason thereof he received an injury, does not raise any presumption of negligence upon the part of defendant railway company." This was sufficient on that subject.

The court gave the following instruction on its own motion: "If you believe from the greater weight of the testimony in this case that the plaintiff, while working as a brakeman for defendant, was injured by a fall from one of defendant's cars, or car hauled by it, that such fall was caused by a hand-hold or grab-iron coming loose at one end, that such grab-iron was not properly fastened at both ends, but was wrapped with a string, instead of having a nut, that the condition of such grab-iron was known to the defendant railway company, or might have been known by a reasonably careful inspection before the car left Newport, then you may find for plaintiff, unless you further find that he was over the age of twenty-one years when he signed the release introduced in evidence."

A general objection was interposed by appellant to this instruction, and it was also specifically objected to on the ground that it excluded all defenses except that of appellee being over twenty-one years of age.

The only objection urged here to the instruction is to that part which refers to the duty of appellant to make an inspection of the car before it left Newport. It is urged that this part of the instruction imposed upon appellant the specific duty of inspecting the car at Newport, notwithstanding it had provided

for inspection at other reasonable intervals along the line. We do not think the instruction is open to this objection, under the peculiar circumstances of this case; but, if it was, the objection should have been specifically pointed out. The only question before the jury as to negligence in failing to inspect was at Newport. True, the proof shows that it was customary to inspect cars for this line, and the fourteenth instruction given at appellant's request referred, in so many words, to Newport as the customary place of inspection.

There are other assignments of error which we do not consider of sufficient importance to discuss here. We have considered them all and find no error, so the judgment is affirmed.