WARD FURNITURE MANUFACTURING COMPANY *v.* WEIGAND.

Opinion delivered April 18, 1927.

1. MASTER AND SERVANT—ASSUMED RISK.—An experienced employee, thoroughly familiar with the machine at which he was working and with the proximity of exposed cogs, being injured by his hand slipping from a lever to the exposed cogs, *held* to have assumed the risk, where he had made no complaint as to the lack of a guard over the cogs.

2. MASTER AND SERVANT—ASSUMED RISK AND CONTRIBUTORY NEGLIGENCE DISTINGUISHED.—The defense of contributory negligence, resting upon the fault or negligence of plaintiff concurring with

that of defendant, is distinguished from the defense of assumed
risk, which rests on contract, and does not imply negligence on
the master's part.

3.   MASTER AND SERVANT—ASSUMED RISK AS A DEFENSE.—The defense
of assumed risk remains in full force in this State, though
contributory negligence has been abolished as a complete defense
in this State as to all corporations except while engaged in
interstate commerce.

Appeal from Sebastian Circuit Court, Fort Smith
District; *John E. Tatum,* Judge; reversed.

*C. W. Knott,* for appellant.

*Cravens & Cravens,* for appellee.

McHANEY, J.. This is an action by appellee to
recover damages for a personal injury sustained by him
in appellant's factory, in which several fingers of his
right hand were torn off while working on a dovetail
machine. He alleged in this complaint that his injury
was the result of the negligence of appellant in furnish-
ing him an unsafe place in which to work, in that he
was required to work upon this machine, with the cogs
which operate the machine located in a dark place, with-
out any guards about them, which, he alleged, could have
been done without interfering with the operation and
efficiency of the machine. The power which operated this
machine was brought to it by a belt operating over a
pulley, and, when the operator wished to stop the
machine, he did so by pushing the belt on to an idle-
pulley by means of a bar of wood located underneath
the machine, in close proximity to the cogs. In attempt-
ing to stop the machine by shifting the belt to the idle-
pulley, his right hand slipped off the bar of wood and
was caught in the cog-wheels, resulting in the injury
aforesaid.

Appellant denied the allegation of negligence, and
pleaded assumption of risk.

The plaintiff, appellee, was the only witness in the
case, and he testified very frankly about the facts in the
case. At the conclusion of the testimony appellant
requested a peremptory instruction, which the court

denied. The case was submitted to the jury, under instructions not complained of here, which resulted in a verdict and judgment of $2,000 against appellant, from which comes this appeal.

The only ground urged here for reversal is the refusal of the court to instruct a verdict for appellant, because the uncontradicted evidence of the appellee himself shows that he assumed the risk of the injury complained of, and of any negligence of appellant in the manner charged, and that therefore the court should have said as a matter of law that he was not entitled to recover. We agree with counsel for appellant in this contention. The substance of the proof is that appellee had been working for the appellant continuously from the 28th day of December, 1921, until the date of his injury, which was on October 22, 1925; that he was injured on one of the older dovetail machines, which he had operated at intervals from the time he began working for appellant to the date of his injury. When he first began working on this machine, it was located on the floor of the factory above, but, for approximately two years before the date of the injury, it had been located on the ground floor of the factory, and had a different instrumentality for switching the belt to the idle-pulley, but he had operated this machine on the lower floor at intervals as much as three or four hours at a time. He knew the machine did not have a guard on it to protect his hand from getting into the cog-wheels, and he knew that it never had had such a guard; he knew the location of the shifting lever relative to the cogs, that is, how close the end of the shifting lever came to the cogs; he knew that, if he got his fingers into the cogs, he would be injured, and says that, when he attempted to shift the belt at the time of his injury, he saw the shifting lever. He had never registered any complaint to appellant or to any of its officers or agents about the absence of a guard or that the machine was dangerous to operate in its then condition. He admitted that he was an experienced employee, thirty-five years of age, and represented

himself to be an experienced machine man when he applied for employment with appellant, and had been engaged in operating this and other machines for appellant for the past four years. There was a big electric light right over the machine, only a short distance above it, and was burning at the time appellee was hurt.

In view of the undisputed facts we think it was the duty of the trial court to have instructed a verdict for the appellant.

In the case of *Hunt* v. *Dell,* 147 Ark. 95, 266 S. W. 1055, this court said: "The evidence revealed that appellee was a young man, almost grown, of intelligence, and, at the time of the injury, he had had considerable experience in the operation of the machinery on which he was injured. If the failure to replace the compressed air starter was a defect in the machinery, it was patent to one of reasonable intelligence, exercising ordinary care for his own safety. The danger of going between the fly-wheels to assist in turning them, so as to crank the engine, was likewise obvious to such an employee. Under this state of the case, established by the undisputed facts, the law attributes to the employee knowledge and appreciation of the danger incident to the work in which the employee is engaged, and exempts the employer from any liability to him on account of the injury received."

There is a distinction between the defenses of assumed risk and contributory negligence, and nowhere is this distinction better stated than in an opinion rendered by Judge RIDDICK in *Choctaw, O. & G. Rd. Co.* v. *Jones,* 77 Ark. 367, 92 S. W. 244, and, on page 372, he used this language: "There is, of course, a distinction between the defense of assumed risk and that of contributory negligence. The defense of contributory negligence rests on some fault or omission of duty on the part of the plaintiff, and is maintainable when, though the defendant has been guilty of negligence, yet the direct or proximate cause of the injury is the negligence of the plaintiff but for which the injury would not have happened. It applies when the plaintiff is asking damages for an injury which would not

have happened but for his own carelessness. On the other hand, the defense of assumed risk is said to rest on contract, which is generally implied from the circumstances of the case; it being a term which the law imports into the contract, when nothing is said to the contrary, that the servant will assume the ordinary risks of the service for which he is paid. The defense of assumed risk comes within the principle expressed by the maxim, *volenti non fit injuria.* This defense does not impliedly admit negligence on the part of the defendant and defeat the right of action therefor, as the defense of contributory negligence does, for, where the injury was the result of a risk assumed by the servant, no right of action arises in his favor at all, as the master owes no legal duty to the servant to protect him against dangers the risk of which he assumed as a part of his contract of service. *Narramore* v. *Cleveland R. Co.,* 96 Fed. Rep. 298.

"In other words, the defense of assumed risk rests on the fact that the servant voluntarily, or at least without physical coercion, exposed himself to the danger, and thus assumed the risk thereof. Having done this of his own accord, he has no right, if an injury results, to call on another to compensate him therefor, whether he was guilty of carelessness or not. *Smith* v. *Baker* (1891), Appeal Cases, 325; Opinion of Lord Bowen in *Thomas* v. *Quartermaine,* 18 Q. B. Div. 685."

Again, on page 374, this language is used: "In the application of the doctrine of assumption of risks a distinction must be also made between those cases where the injury is due to one of the ordinary risks of the service and where it is due to some altered condition of the service, caused by the negligence of the master. The servant is presumed to know the ordinary risks. It is his duty to inform himself of them; and, if he negligently fails to do so, he will still be held to have assumed them. The decision in the recent case of *Grayson-McLeod Co.* v. *Carter,* 76 Ark. 69, 88 S. W. 597, rests on that ground, as do many other cases found in the reports. But the servant is not presumed to know of risks and dangers caused by the

negligence of the master, after he enters the service, which changes the condition of the service. If he is injured by such negligence he cannot be said to have assumed the risk, in the absence of knowledge on his part that there was such a danger; for, as we have before stated, the doctrine of assumed risk rests on consent; but, if the injury was caused in part by his own negligence, he may be guilty of contributory negligence. On the other hand, if he realizes the danger, and still elects to go ahead and expose himself to it, then, although he acts with the greatest care, he may, if injured, be held to have assumed the risk.'' Citing cases.

This is not a case where the servant has made a complaint to the master of the unsafe condition of the machinery and a promise had been made to correct the condition, as was the case of *St. Louis, I. M. & S. R. Ry Co.* v. *Holman,* 90 Ark. 555, 120 S. W. 146, nor is it a case of a young and inexperienced employee, where, it is held in numerous decisions by this court, by reason of his youth and inexperience he is not aware of and does not appreciate the danger incident to the work or the danger of the place he is assigned to work, in which cases he does not assume the risk of his employment until his master apprises him of the dangers, as was so ably stated by Mr. Justice BATTLE in the case of *Emma Cotton Seed Oil Co.* v. *Hale,* 56 Ark. 232, 19 S. W. 600. In this case the court said: ''If, having sufficient intelligence and knowledge to enable him to see and appreciate the danger to which he will be exposed, he knowingly assents to occupy a place set apart to him by the master, and does so, he thereby assumes the risks incident thereto, and dispenses with the obligation of the master to furnish him with a better place. It is then no longer a question whether such a place could not, with reasonable care and diligence, be made safe. Having voluntarily accepted the place occupied by him, he cannot hold the master liable for injuries received by him because the place was not safe. If, however, the servant, by reason of his youth and inexperience, is not aware of or does not appreciate the

danger incident to the work he is employed to do or to the place he is engaged to occupy, he does not assume the risks of his employment until the master apprises him of the dangers.''

But, in the case at bar, the appellee was not only a man thirty-five years of age, but was a man of great experience in the operation of machinery in general, and of this particular machine, and knew the exact location of the cog-wheels and the location of the shifting-lever and its distance from the cog-wheels. He knew what would happen to him if he should get his hand into the cog-wheels. We therefore hold, as a matter of law, that appellee assumed the risk of the danger incident to that employment.

Contributory negligence, on the other hand, has been abolished as a complete defense in this State as to all corporations, except while engaged in interstate commerce (§ 7145, C. & M. Digest); but the doctrine of assumed risk still remains in force and effect in this State, and has been sustained by a long line of decisions of this court, and has been applied in numerous cases where the undisputed facts are applicable, such as in this case, as a complete bar to recovery.

The result of our views is that the court should have directed a verdict in appellant's favor, and, for the error in failing to do so, the judgment is reversed, and, it appearing that the evidence has been fully developed, the cause will be dismissed.

It is so ordered.