FORT SMITH-SPADRA MINING COMPANY *v.* SHIRLEY.

Opinion delivered January 28, 1929.

1008

T. D. *Wynne* and *Pryor, Miles & Pryor*, for appellant.

*Jesse Reynolds*, for appellee.

HUMPHREYS, J. This suit was brought against appellant to recover damages for a personal injury to his hand and arm, received while engaged in applying a dressing to a circular conveyor belt 20 inches wide and 70 feet long, which carried coal in preparation for market, upward at an angle of 30 degrees to receptacles or bins. In order to keep the belt from slipping on the driving pulleys around which it circled it was necessary to apply a dressing, which was in the form of a stick, by rubbing the stick over the lower part of the belt, on the inside thereof. Appellee alleged in his complaint that the injury resulted from appellant's negligence in failing to furnish him a safe place to work and safe instrumentalities with which to work, due to the worn condition of the belt, which had threads hanging down, that entangled appellee's hand and pulled it between the belt and pulley, which was not covered by a guard.

Appellant filed an answer, denying the allegations of the complaint, and pleaded as an affirmative defense that appellee assumed the risk.

The cause was submitted upon the pleadings and testimony, which resulted in a verdict and judgment against appellant for $2,500, from which is this appeal.

The testimony was conflicting as to the condition of the belt. According to the undisputed evidence there was no guard over the pulley, but none had ever been over it. The testimony does not reflect just how one could have been put over it nor that, in the proper construction of the plant, one should have been put over it.

Appellant contends for a reversal of the judgment because the court gave instruction number 5 as follows:

"The court tells you that the coal mining company is not an insurer of the safety of its employees, but it is obligated to furnish them with safe instrumentalities and a reasonably safe place to do their work, and if they fail to do that, they are guilty of negligence, and if their negligence caused the injury, they are responsible in damages to the plaintiff. I say they are not the insurer of the safety of the employees, but they are required to furnish them a safe place and safe instrumentalities with which to do their work."

This instruction is inherently wrong, because it placed the absolute duty on appellant to furnish appellee a safe place in which to work and safe instrumentalities with which to do his work. It in so many words told the jury that appellant was not an insurer of the safety of appellee, yet, in effect, instructed that it was. The instruction was conflicting within itself. Appellant was only required under the law to exercise ordinary care to furnish appellee a reasonably safe place in which to work and reasonably safe instrumentalities with which to do the work.

Appellant also contends for a reversal of the judgment because the trial court refused to give its requested instruction number 2 as follows:

"You are instructed that, on the allegation of negligence that there was no guard to prevent plaintiff's hand from being drawn between the belt and the pulley, your verdict must be for the defendant."

This instruction should have been given, because the failure to cover the pulley with a guard was alleged as an act of negligence, and appellee testified that it

had no guard over it. It is true that appellee abandoned the absence of a guard as an act of negligence by failing to request an instruction to that effect, yet it was in the case by allegation and proof of the fact, and appellant had a right to have that issue effectually eliminated by a declaration of the court.

Appellant also contends for a reversal of the judgment because the court refused to admit the written statement made by appellee to the claim agent of the Home Accident Insurance Company as to the manner of his injury. There was a slight conflict between his testimony in the trial and the written statement he made, and the court should have admitted it in evidence on that account for what it might have been worth in weighing the evidence.

Appellant also contends for a reversal of the judgment because the attorney for appellee referred to the liability insurance company in the case as the real party in interest. This remark was improper, but we would not reverse the judgment for that reason alone, as appellee testified, without objection on the part of appellant, to having made the written statement to the agent of the liability insurance company. The remark should not be repeated on a retrial of the cause.

As the judgment must be reversed and remanded for a new trial on account of giving and refusing the instructions mentioned, and the refusal to admit appellee's written statement concerning the manner of receiving his injury, we refrain from passing upon the sufficiency of the testimony relative to the assumption of the risk by appellee.

The judgment is reversed, and the cause is remanded for a new trial.

SMITH, J., concurs.

McHANEY, J. I dissent on the ground that the undisputed proof shows there was a space of eight feet from the pulley in which appellee could have applied the dressing to the belt, and that, in choosing a place so close to the pulley as to make it dangerous, he assumed

the risk. The danger was perfectly obvious, and on this question the case is ruled by *Ward Furniture Mfg. Co.* v. *Weigand,* 173 Ark. 762, 293 S. W. 1002. On the authority of that case the judgment should be reversed and the case dismissed. I therefore dissent on the order reversing and remanding. I concur otherwise.