
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–15–173

| | |
|---|---|
| SHAWN LOWRY AND LEE ANDREA LOWRY | Opinion Delivered OCTOBER 21, 2015 |
| APPELLANTS | APPEAL FROM THE POINSETT COUNTY CIRCUIT COURT [NO. CV–2012–56] |
| V. | |
| JOEY MCCORKLE, D/B/A J & L FARMS | HONORABLE VICTOR L. HILL, JUDGE |
| APPELLEES | REVERSED AND REMANDED |

## DAVID M. GLOVER, Judge

Shawn Lowry injured his back on January 19, 2010, while employed by J & L Farms and working on one of its trucks. The truck's hood was damaged; Lowry contended that the hood's defective condition was responsible for his injury. Lowry and his wife, Lee Andrea, sued Joey McCorkle d/b/a J & L Farms ("J & L Farms"), seeking recovery for the personal injuries he sustained.[1] An amended complaint was filed on December 7, 2012. J & L Farms filed its motion for summary judgment on June 17, 2014, contending it did not breach any duty owed to the plaintiff, there was no negligence, there were no genuine issues of material fact, and it was entitled to judgment as a matter of law. By order entered on November 6, 2014, the trial court granted summary judgment to J & L Farms. In this appeal, Lowry

---

[1]Because Shawn Lowry was employed on a farm, this case falls under the agricultural exemption of the workers' compensation laws. Ark. Code Ann. § 11-9-102(11)(A)(iii) (Repl. 2012).

SLIP OPINION

contends 1) that appellee owed him a duty of reasonable care at the time of his personal injury and 2) that disputed material facts existed so as to preclude entry of summary judgment. We reverse and remand.

The trial court granted summary judgment in this case on a narrow basis, concluding that the question before it was a legal one, i.e., whether J & L Farms "owe[d] a legal duty to [Lowry] in the first place." The trial court did not base its decision on a determination that no material issues of fact existed and that J & L Farms was entitled to summary judgment as a matter of law. Rather, the trial court concluded that, "[u]nder our existing law, there is no such duty. Where there is no duty, there is nothing for a jury to apportion." The trial court's decision is rooted in its reliance upon *Sanders v. Wheaton*, 273 Ark. 416, 419, 619 S.W.2d 674, 676 (1981), from which the court quoted, "It is well settled that an employee assumes all ordinary risks and hazards incident to his employment and where his knowledge thereof equals or exceeds that of his employer there is no liability." The order further explains, "The evidence before the court is that although the defendant might have been made aware of the defect to which [Lowry] attributes his injury, [Lowry's] familiarity with the truck was at least equal to [J & L Farms's], and in all likelihood, greatly superior." We have concluded that the trial court's analysis of the duty owed under the circumstances of this case was too limited and that summary judgment based on a determination that no duty existed was error. We therefore reverse and remand.

Lowry's negligence claims in this case were not based on J & L Farms's failure to warn. If that were the basis for his claims, we might well agree with the trial court's conclusion that

SLIP OPINION

no duty existed. Lowry never alleged that he was unaware of the defective hood and should have been warned by J & L Farms. Instead, Lowry's claims of negligence were predicated primarily on the employer's overall duty to exercise reasonable care in providing a safe place for its employees to work, coupled with his allegations that he informed his employer of the defective hood, yet despite assurances it would be fixed, it never was.

By basing its decision entirely on authorities holding that "an employee assumes all ordinary risks and hazards incident to his employment and where his knowledge thereof equals or exceeds that of his employer there is no liability," the trial court ignored the existence of facts asserting that the truck's hood was broken (i.e., it was not necessarily an *ordinary* risk incident to his employment), that J & L Farms assigned the defective truck to Lowry, that Lowry was required to use the damaged truck in his job duties, that he had alerted J & L Farms to the hood's condition and the trouble it was causing him in performing his duties, and that he had received assurances it would be fixed. While some of the facts put forth by Lowry were clearly disputed, in order for summary judgment to be appropriate, any material facts must be undisputed.

In short, while an employee's knowledge of a defective condition eliminates an employer's duty to warn, it does not follow that the employer's overall duty to exercise reasonable care in providing a safe work place is also automatically eliminated under the circumstances presented here. The trial court's decision short-circuited the duty analysis and thereby eliminated the need to address the materiality and disputed nature of the facts presented. We express no opinion on the outcome of this case; however, under the

SLIP OPINION

circumstances presented, the trial court erred in granting summary judgment on the basis that it did.

Reversed and remanded.

VIRDEN and VAUGHT, JJ., agree.

*Orr Willhite, PLC*, by: *M. Scott Willhite*, for appellant.

*Cahoon &Smith*, by: *T. Benton Smith*, for appellee.