

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-17-136

| | |
|---|---|
| CAROLYN KIRSHBERGER<br><div align="right">APPELLANT</div><br>V.<br><br>JEFF FROST, INDIVIDUALLY, AND DBA<br>FROST OIL COMPANY, AND JOHN DOE<br><div align="right">APPELLEES</div> | **Opinion Delivered** October 18, 2017<br><br>APPEAL FROM THE JOHNSON<br>COUNTY CIRCUIT COURT<br>[NO. 36CV-15-82]<br><br>HONORABLE DENNIS CHARLES<br>SUTTERFIELD, JUDGE<br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant, Carolyn Kirshberger, appeals the Johnson County Circuit Court's grant of summary judgment against her, which dismissed her negligence claim. We affirm.

On May 29, 2012, while working at Frost Oil, Kirshberger fell or jumped from a concrete loading dock and severely injured her leg. In a previous case, *Kirshberger v. Frost Oil Co.*, 2014 Ark. App. 263, we affirmed the Arkansas Workers' Compensation Commission's (Commission) order denying Kirshberger's claim for workers'-compensation benefits. The Commission denied benefits because it found that (1) Kirshberger intentionally jumped off the dock and (2) she was not performing employment services at the time of the injury. Kirshberger then filed a negligence suit, alleging that she had tripped over a lip on the floor of the oil-room doorway, causing her fall. Frost filed a motion for summary judgment, which the circuit court granted. Based on this court's opinion that Kirshberger had not been performing

SLIP OPINION

employment services at the time of the incident, the circuit court found that she could not claim "employee" status in the present case. The order goes on to state that

> [t]he court finds that as a matter of law based upon the undisputed facts that the Plaintiff was an "invitee" as regards her legal status with the Defendant at the time of her injury. This duty is exempted regarding any hazard or condition which is obvious to an invitee or well known to the invitee. The facts are beyond dispute that the Plaintiff was fully acquainted with the area in question and any and all potential hazards were well known to her.

The court dismissed Kirshberger's negligence suit, and she filed a timely notice of appeal. On appeal, Kirshberger argues that the court erred in ruling that the duty Frost owed to her was that of an invitee, rather than an employee.

Our appellate courts review a circuit court's factual conclusions under a clearly erroneous standard, but when a complaint is dismissed on a question of law, we conduct a de novo review. *City of Tontitown v. First Sec. Bank*, 2017 Ark. App. 326, at 4 (citing *McMahan v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 590, at 5, 446 S.W.3d 640, 642).

On appeal, Kirshberger raises only one issue: that the circuit court erred in determining that the legal duty owed to her by Frost was that of an invitee, not an employee. She argues that the court erroneously concluded that, because our previous opinion upheld the Commission's finding that she had not been performing employment services at the time of the incident, she was barred from claiming employee status in her negligence claim. We agree. The concept of "performing employment services" is a workers'-compensation creation; it relates solely to whether a claimant is entitled to workers'-compensation benefits. In *Parker v. Comcast Cable Corp.*, 100 Ark. App. 400, 404, 269 S.W.3d 391, 394 (2007), we explained,

> In order for an accidental injury to be compensable, it must arise out of and in the course of employment. Ark. Code Ann. § 11-9-102(4)(A)(i) (Supp. 2007). A compensable injury does not include an injury which was inflicted upon the employee

at a time when employment services were not being performed. Ark. Code Ann. § 11-9-102(4)(B)(iii). An employee is performing employment services when he or she is doing something that is generally required by his or her employer. *Dairy Farmers of America, Inc. v. Coker*, 98 Ark. App. 400, 255 S.W.3d 905 (2007). We use the same test to determine whether an employee is performing employment services as we do when determining whether an employee is acting within the course and scope of employment. *Pifer v. Single Source Transportation*, 347 Ark. 851, 69 S.W.3d 1 (2002). The test is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. *Id.*

The only basis the circuit court provided for holding that the duty owed to Kirshberger was that of an invitee was "the previous judicial determination," which references her workers'-compensation case and our opinion therein. The circuit court provided no other rationale for how or why the duty, under negligence law, owed to Kirshberger would change depending on whether she was found to be "performing employment services." Neither the circuit court's opinion nor the appellee's brief provides any basis for holding that Kirshberger was an invitee, rather than an employee, other than our previous decision. Our decision in Kirshberger's appeal did not address the question of the duty of care owed by Frost, and the finding that Kirshberger was not eligible for workers'-compensation benefits does not determine the applicable duty in a negligence case. As Kirshberger notes in her brief, the parties stipulated as part of the workers'-compensation case, that she was an employee of Frost Oil. Therefore, it was error for the circuit to find that she was an invitee rather than an employee.

The next question is whether the circuit court's error had any effect. First, we must address whether there is a different duty of care as to employees as opposed to invitees. In her brief, Kirshberger claims that there is, arguing that Frost had a duty to "maintain a safe workplace." Although she cites no legal authority for this position, such authority does exist in our case law. In *Lowry v. McCorkle*, 2015 Ark. App. 586, at 3, 474 S.W.3d 87, 89, we held

that even when a failure-to-warn claim is not cognizable because the risk was open and obvious, an employee may still have a valid negligence claim based on the "employer's overall duty to exercise reasonable care in providing a safe work place." Similarly, in *Missouri Pacific Railroad Company v. Martin*, 186 Ark. 1101, 1101, 57 S.W.2d 1047, 1048 (1933), the Arkansas Supreme Court held that an employee "has a right to require of the master to provide suitable appliances and a safe place in which to do his work, and to do such is the clear duty of the master." *Id.*

The duty described in the circuit court's order in this case, that "the Defendant only owed the Plaintiff the duty to exercise ordinary ca[r]e to keep its premises in a reasonable safe condition," is very similar to the duty to use reasonable care to provide a safe place to work. However, in this case, we need not determine whether the two duties are interchangeable because the court ultimately granted summary judgment based on its finding that the risk was an open and obvious condition with which Kirshberger was well acquainted. We have previously applied the open-and-obvious-risk doctrine in the employer-employee context, stating,

> But it is equally true that where the danger arising from the negligent conduct of the master is so apparent and obvious in its nature as to be at once discoverable to one of ordinary intelligence, an employee, by voluntarily undertaking to perform his work in such a situation, assumes the hazards which exempts the employer from liability on account of injury to the employee. *Wisconsin & Ark. Lbr. Co. v. McCloud*, 168 Ark. 352, 270 S. W. 599; *C., R. I. & P. Ry. Co. v. Allison*, 171 Ark. 983, 287 S. W. 197; *Ward Furniture Co. v. Weigand*, 173 Ark. 762, 293 S. W. 1002.

*Martin*, 186 Ark. at 1101, 57 S.W.2d at 1048. Here, given Kirshberger's long employment history with Frost, her familiarity with the oil room, and the obvious nature of the condition

of the floor, the open and obvious nature of the alleged danger supports the circuit court's grant of summary judgment.

Kirshberger argues that there are exceptions to the open-and-obvious-risk doctrine, specifically citing *Carton v. Missouri Pacific Railroad Company*, 303 Ark. 568, 798 S.W.2d 674 (1990), in which the court stated that the rule does not bar recovery when the invitee is required, as a practical matter, to encounter the risk while doing his job. *Carton* is inapplicable here because Kirshberger was not required to encounter the risk (i.e., the lip in the floor near the loading dock) while doing her job. While it is not dispositive of every issue in her negligence case, our earlier opinion affirming the Commission's finding that Kirshberger was not performing employment services at the time of the incident makes *Carton* inapplicable. The *Carton* exception hinges on whether the employee was *required*, in doing his job, to put himself at risk due to the dangerous condition. As quoted from *Parker*, above, "[a]n employee is performing employment services when he or she is doing something that is generally required by his or her employer." 100 Ark. App. at 404, 269 S.W.3d at 394; *Dairy Farmers of Am., Inc. v. Coker*, 98 Ark. App. 400, 255 S.W.3d 905 (2007). It would, therefore, have been inconsistent with our ruling in her previous appeal for the circuit court to hold that *Carton* applied. Moreover, there was significant evidence in the record to support the determination that Kirshberger was not required, as part of her job duties that evening, to step through the doorway and out onto the loading dock. She admitted as much in her deposition testimony.

Second, this case is similar to *Lowry v. McCorkle*, 2015 Ark. App. 586, at 3, 474 S.W.3d 87, 89. In *Lowry*, an employee was injured on the job while using a truck with a defective hood, of which he was well aware. We held that an employee's awareness of an open and

obvious risk is dispositive only in failure-to-warn claims, leaving open the possibility that employees who are injured by open and obvious risks have some other negligence-based cause of action to assert:

> In short, while an employee's knowledge of a defective condition eliminates an employer's duty to warn, it does not follow that the employer's overall duty to exercise reasonable care in providing a safe work place is also automatically eliminated under the circumstances presented here.

*Lowry*, 2015 Ark. App. 586, at 3, 474 S.W.3d at 89. *Lowry* should be read in keeping with the exception outlined in *Carton*—that an employee's knowledge of an open and obvious risk is not dispositive when the employer requires the employee to undertake in that risk as part of the job. That is what happened in *Lowry* and *Carton*, but the facts do not support such a conclusion in Kirshberger's case.

Because the court's grant of summary judgment was based on the correct determination that the open and obvious nature of the alleged risk prohibited recovery, we see no reversible error in the court's misstatement of the applicable duty of care.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Walker, Shock & Harp, PLLC*, by: *Eddie H. Walker, Jr.*, for appellant.

*Barber Law Firm PLLC*, by: *G. Spence Fricke*, for appellee.