McGEORGE *v.* HENDERSON.

4-6113                                   145 S. W. 2d 31

Opinion delivered December 3, 1940.

*Maurice L. Reinberger* and *E. D. Dupreé, Jr.,* for appellant.

*Lamar Williamson, Adrian Williamson* and *Gaston Williamson,* for appellee.

McHaney, J. Appellants, W. P. McGeorge and H. L. Dickinson, are partners doing business under the firm name of McGeorge Contracting Company. In the fall of 1938 they were engaged in the construction of about six miles of new state highway north of Monticello, Arkansas, under contract with the state. Appellee, with his team, was employed on October 31, 1938, and was directed to hitch his team to a fresno machine which is something like a scoop or a slip on wheels and is guided by a bar called the Johnson bar, was given a helper and they were put to work on the road. At about 3 p. m. of the same date, at a time when he was guiding the machine and the helper was driving the team, and they were engaged in dressing or sloping the ditch on the west side of the road, the blade of the fresno hit a small stump, about an inch and a half or two inches in diameter and extending above the ground about four or five inches, which caused the Johnson bar to strike him on the hip, knocking him to the ground and injuring him. He brought this action to recover damages therefor. The negligence alleged and relied on was failure of appellants to furnish him a reasonably safe place in which to work, failure to instruct him, an inexperienced fresno operator, how to operate it and to warn him of the danger involved, and failure to discover and remove the stump or shoot. The answer was a general denial, with pleas of contributory negligence, assumption of risk, unavoidable accident, and that if there was any negligence other than his own, it was that of his helper, a fellow servant.

Trial resulted in a verdict and a judgment for appellee in the sum of $650, hence this appeal.

For a reversal of this judgment appellants insist that the court erred in refusing to direct a verdict for them at their request, and we agree with this contention. In the first place appellee was not directed to operate the fresno, but was told to hitch his team to it and was furnished a helper to operate it. He testified it was customary for the driver of the team and the operator to change places, each to do some driving and some operating, but he was hired to drive the team and he

needed no instruction in this regard. But assuming that he was employed to change about with his helper, appellants were not insurers of his safety. They were only required to exercise ordinary care to furnish him a reasonably safe place to work and he was required to exercise ordinary care for his own safety. The little stump of a bush that had been cut was not in the roadway, but on the berm or shoulder of the ditch he was dressing or shaping with the fresno. It had been left there by other employees who were clearing the right-of-way and it was just as visible to him as it would have been to appellants. If there was any negligence on the part of the helper in not warning him of the presence of this obstruction, it was the negligence of a fellow servant, for which appellants would not be liable. Appellee says he was watching the blade of the fresno and did not see the stump, but had he looked a few feet ahead of the blade he could and would have seen it in time to avoid the injury. We think the case is ruled adversely to appellee by such cases as *Missouri Pac. Rd. Co.* v. *Lane,* 186 Ark. 807, 56 S. W. 2d 175; *Missouri Pac. Rd. Co.* v. *Martin,* 186 Ark. 1101, 57 S. W. 2d 1047; and *Lee* v. *Pate,* 198 Ark. 723, 131 S. W. 2d 8. In all of these it was held that employers are not insurers of the safety of their employees and are not required to furnish a place in which to work which is free of every possible object on which one might possibly get hurt. Where, as here, the danger, if any, is perfectly open and obvious to the employee, as much so as it is to the employer, the risk of such an injury is assumed and there is no liability.

For the error in refusing to direct a verdict for appellants, the judgment is reversed, and as the cause appears to have been fully developed, it will be dismissed.